## JOHN WISE *vs.* JARVIS POSTLEWAIT *et al.*

### January Term, 1869.

1. If a bill of exceptions is taken to instructions to the jury, and the facts of the case are not set forth therein, this court will not decide upon the correctness of the instructions, as the presumption is that the court below decided correctly where the contrary does not appear.

2. The act of December 13th, 1792, required deeds to be acknowledged by the parties who sealed and delivered them, or be proved by three witnesses, &c., before the general court, &c., and where it is certified that a deed was "signed, sealed, and acknowledged," without stating that it was so done by the grantors by name, it is a substantial compliance with the act.

3. When the certificate on a deed shows that it was properly acknowledged before a competent court and ordered to be recorded, under the act of December 13th, 1792, which prescribes the mode of acknowledgment "before the general court or the court of the district, &c., wherein the land or some part thereof laid, and be lodged with the clerk of such court to be there recorded," the presumption arises that the deed was lodged with the clerk to be recorded.

4. A deed for land in this State, acknowledged in another State, by part of the grantors, in such manner that it might be admitted to record in this State, but is not recorded, may be given in evidence on a trial of ejectment as to the parties by whom it had been acknowledged. But whether in such action after such deed is admitted, to sustain the plaintiff's title, it has any effect, as an unrecorded deed, against the defendant, is a question to be determined, if raised, by instructions or otherwise.

5. A certificate on a deed that it was "signed, sealed and delivered in the presence of the court," is equivalent to an acknowledgment, and is a substantial compliance with the act of 1792.

6. When the trial of a cause is progressing, a party to it cannot be required to take a deposition to be used in the cause, during a temporary adjournment of the court, at a point so distant from the court-house that he cannot attend the taking of the deposition, and then get to the court-house by the time the case is to be proceeded with.

---

\* He had been engaged in the cause below.

7. It was error to admit a copy of a record of another case, on a trial, as re-
   butting testimony to contradict a witness who had not testified in respect
   to the fact that such record did or did not exist, or that a verdict shown
   in such record to have been found, had or had not been rendered. Neither
   can a record be admitted to prove any allegation or fact upon which the
   verdict of the jury, shown in the record, must be supposed to have been
   rendered.

Jarvis Postlewait and Albert Postlewait brought an ac-
tion of ejectment in the circuit court of Monongalia county,
in June, 1865, against John Wise, to recover a certain tract
of land in that county. A trial was had in February, 1868,
and a verdict and judgment was rendered for the plaintiffs.

The plaintiffs claimed title by patents to Denune Howard,
dated October 12th, 1789, and Davis Shockley, dated March
13th, 1805, and by deeds from them to William Postlewait,
the grand-father of the plaintiffs, whose immediate heirs
conveyed to the plaintiffs.

The defendant claimed title through a patent granted to
Samuel Lemley, on the first day of August, 1856.

On the trial the plaintiff offered several deeds, in tracing
his title to Howard and Shockley, which were objected to
by the defendant on the ground of informal and imperfect
acknowledgements and certificates of recordation. The
first was a copy of a deed from Howard to James Buchanan,
dated April 15th, 1796, to which was appended the follow-
ing: "Signed, sealed and delivered in the presence of the
court; Attest, John Evans, clerk M. C. At a court held
for Monongalia county, August term, 1796, a deed of
bargain and sale from Denune Howard and Ann, his wife, to
James Buchanan, for 63 acres of land, was produced in
court, acknowledged and admitted to record."

The second was a copy of a deed from James Buchanan
to Davis Shockley, dated May 15th, 1797, to which was ap-
pended the following: "Signed, sealed and delivered in the
presence of Alexander Hawthorn, Alexander Beatty, Thomas
McKinly." "At a court held for Monongalia county, June
term, 1797, a deed of bargain and sale from James

Buchanan and Sarah, his wife, to Davis Shockley, for 36¾ acres of land, was produced in open court, acknowledged and ordered to be recorded." The other deeds were substantially the same in regard to form of acknowledgment and admission, except one from Henry Barrackman to William Postlewait, the ancestor, dated September 11th, 1809, to which was appended the following: "Signed, sealed and delivered in the presence of—" "At a circuit court held for Monongalia county, September term, 1809, this deed from Henry Barrackman and Abigail, his wife, to William Postlewait, was produced in court and acknowledged by the said Henry and Abigail, his wife, and is ordered to be recorded, the said Abigail being first privately examined as the law directs and assenting thereto. Teste: N. Evans, C. M. C."

The court overruled the defendant's objections, and he thereupon excepted.

The plaintiff further offered in evidence a deed from Joseph Postlewait and eight others, heirs at law of William Postlewait, to the plaintiffs, dated June 10th, 1856, for the land in controversy. This deed had been acknowledged by all the parties thereto except one Asbury Long, (all of the grantors lived out of the State), before justices of the peace in the State of Ohio, who had been certified as such by the clerk of the court of common pleas in the counties in which they separately acted, but it had not been admitted to record at the time of the trial. The defendant objected to the introduction of this deed on the ground of its not being recorded, or admitted to record, or legally acknowledged, but the objection being overruled he excepted.

The plaintiff introduced another deed, in tracing his title, dated April 15th, 1796, signed by Denune Howard and wife, to William Hogue, to which was appended the following: "Signed, sealed and delivered in the presence of the court. Attest: John Evans, Clerk. A Copy, Teste: A. L. Wade, Recorder." And this was all that appeared in relation to the acknowledgement and recordation of it. To which the defendant also objected because it did not appear in the

*premises* of the deed who were the grantors, and because it was not legally and sufficiently acknowledged and was improperly admitted to record.    But the court overruled the objection, and the defendant again excepted.

The defendant also excepted to the admission of a deposition permitted to be read by the plaintiffs, the facts in relation to which are stated by the judge deciding the case here, in his opinion.

He also excepted to the admission of a copy of the record of an action of unlawful detainer, in which William Postlewait was plaintiff and one Henry Barrackman was defendant, as rebutting testimony, in relation to which the facts are also stated in the opinion of the judge as before mentioned.

There was a further bill of exceptions in the record, taken by the defendant, for alleged erroneous instructions given to the jury at the instance of the plaintiffs, but as the facts in the case were not embraced in the bill of exceptions, this court did not consider it.

The defendant applied to this court for a writ of supersedeas which was granted.

*A. F. Haymond* for the plaintiff in error.
*P. H. Keck* and *N. Richardson* for defendants in error.

MAXWELL, J.    The first ground of error assigned is, that the court erred in giving each of the instructions asked for by the plaintiffs below.    The facts of the case are not stated and I cannot undertake to decide whether the court did right or wrong, but the presumption is, as the contrary does not appear, that the court decided correctly.    *Shepherd* vs. *McQuilken*, 2 W. Va. Rep., 90; *Fitzhugh* vs. *Fitzhugh*, 11 Grat., 300.

The second and third causes of error are that the five several copies of deeds mentioned in the defendant's second and third bills of exceptions were improperly admitted in evidence.    They all appear to be copies of deeds from the records of the county of Monongalia.    It appears from the

copies that each and every one of the five deeds was acknowledged in the court of Monongalia county, and admitted to record, or ordered to be recorded. These deeds were admitted to record under the act of December 13th, 1792. That act required a deed to be acknowledged by the party or parties who shall have sealed and delivered it, or be proved by three witnesses to be his or her act, before the general court or the court of that district, county, city or corporation in which the land is situated. It appears that these deeds were all acknowledged before the court, but it does not affirmatively appear that they were acknowledged by the respective grantors. Is this a sufficient compliance with the statute under which the deeds were recorded to authorize the copies to be given in evidence? A substantial compliance with the act is all that is necessary. When it is certified that the deeds were acknowledged, the only reasonable construction to be given to the terms used is, to hold that they were acknowledged by the parties whose names are signed to them, as any other construction would render the acknowledgements ineffectual. One of the acknowledgements, however, shows in terms that one of the deeds was acknowledged by the person whose name is signed to it. I think these five deeds were all properly admitted.

It is also claimed that there was error in admitting the deed from Henry Barrackman and wife to William Postlewait, mentioned in the defendant's third bill of exceptions, for the reason that said deed was not legally acknowledged or recorded. The deed bears date on the 11th day of September, 1809, and was acknowledged by Henry Barrackman in the circuit court of Monongalia county during the same month, and ordered to be recorded.

The deed, therefore, appears to have been properly acknowledged, but it does not appear to have been recorded. The act of 1792 did not require a deed to be recorded to pass an estate of inheritance, but only required it to be acknowledged in the manner therein prescribed " before the general court, or the court of that district, county, city or corporation in which the land conveyed, or some part

thereof, lieth, or in the manner hereinafter directed," &c., "and be lodged with the clerk of such court to be there recorded."

The conveyance is for a tract of land described as being in Monongalia county, and is acknowledged by the grantor, Henry Barrackman, before the circuit court of the same county, and ordered to be recorded. The acknowledgement and the order to record the deed are endorsed upon it by the clerk of the court, and it requires no stretch of the imagination to suppose that the deed was lodged with him to be recorded. It seems to me, therefore, that the deed was properly admitted in evidence.

The fifth ground of error assigned is in admitting in evidence the deed mentioned in the defendant's fourth bill of exceptions from Joseph Postlewait and others to the plaintiffs. This is a deed executed in the State of Ohio, by nine different persons, some of whom are married women, and properly acknowledged by all the grantors whose names are signed thereto, except Asbury Long; but at the time of the trial the deed had not been admitted to record, although there is an endorsement of the recorder of Monongalia county at the foot of the deed showing that it has since been admitted to record. How or by whom the deed was improperly withdrawn from the papers of this case does not appear. But admitting the deed to record after the trial would not help the deed if it was not proper evidence when admitted. The 17th section of chapter 176, Code of Virginia, p. 724, provides that "every deed or power of attorney executed out of this State, the acknowledgment or proof of which is certified so that it might be admitted to record under chapter 121" of the same Code, "shall be evidence in any court in the State."

The deed I think was properly admitted as to all the parties by whom it was acknowledged. Whether it had any effect as an unrecorded deed as against the defendant, is another question entirely, to be determined, if raised, after the deed was admitted by instruction or otherwise.

The sixth ground of error is that the court erred in ad-

mitting in evidence the copy of a deed from Denunc Howard and wife, to William Hogue, mentioned in defen-fendant's fifth bill of exceptions.   This deed bears date April 15th, 1797.   It has the endorsement at the foot of it, "signed, sealed and delivered in presence of the court. Attest: John Evans, Clerk.  A Copy, Teste:   A. L. Wade, Recorder."

It seems to me that this is a substantial compliance with the act of 1792, requiring conveyances to be acknowledged. To sign, seal and deliver a deed must be equivalent to ac-knowledging it.   The copy was, therefore, properly admit-ted to evidence.

The next error claimed is in admitting as evidence, in be-half of the plaintiffs, the deposition of Joseph Wade.

During the progress of the trial it became necessary for the plaintiffs, from the course of the evidence offered by the defendant, to give, if he could, rebutting evidence.  After it became necessary to offer this rebutting evidence the court adjourned the jury in the case, on the 8th of February, until the next morning at nine o'clock, as appears from the re-cord.   The 8th day being Saturday the jury stood adjourned until Monday morning at nine o'clock, when the jury ap-peared according to its adjournment.    After the adjourn-ment of the court on Saturday, and as appears, a few min-utes before five o'clock in the evening, the notice was served on the defendant to take the deposition on Monday morning, between six and eight o'clock.    The deposition was accordingly taken and closed about five minutes before eight o'clock on Monday morning.    The deposition was taken by a notary public, neither the plaintiffs nor defen-dant being present.    It appears that the defendant Wise lives about eight miles from Morgantown, and that the wit-ness Wade lives about two and a half miles from him, and that the roads were icy and bad.    It also sufficiently ap-pears that the witness was too old and feeble in the then condition of the road to go to Morgantown as a witness.

The defendant objected to the reading of the deposition, because the notice was not reasonable, and because it did

not satisfactorily appear that the witness was unable to attend the court, but the court allowed the deposition to be read.

The jury in the case had been adjourned to meet at nine o'clock, and the defendant had the right to be present in the court at that time.    It is hardly probable, but it is possible, that he might have gone from the place of taking the deposition to the court-house after the deposition was closed, by the time the jury was to meet to go on with the case. The agent of the plaintiff who was carrying on the suit for them, was not present at the taking of the deposition, and this is a strong circumstance to show that the place of taking the deposition was so far away that he could not, after it was closed, get to the court-house in time to go on with the case.

In the case of *Fant* vs. *Miller* & *Mayhew*, 17 Grat., 187, it was held "that a party has a right to be personally present when depositions are taken by his adversary, and that a notice which does not afford him an opportunity of being so, is insufficient."

In the case of *Waters' heirs* vs. *Hornson*, 4 Bibb., 87, it was held that a notice to take depositions "which cannot be attended to by the party interested, except by the agency of others, cannot be deemed a reasonable notice."

In the case of *Unis et al.* vs. *Charleton's adm'r et al.*, 12 Grat., 484, it was held where the defendents could not have attended at the place where the deposition was taken, and then have reached the court by the commencement of the term at which the case was expected to be tried, the deposition was properly excluded.   Upon the authority of these cases it seems to me that the deposition of Wade was improperly admitted, because the defendant could not have attended at the time and place of taking it and then have got to the court-house by the time the case was to be proceeded with.

It does not appear either but that the same fact might have been proved by some other witness whose personal attendance might have been procured, nor did he ask the

court to delay the cause to enable him to take the deposition.

The eighth ground of error assigned is in admitting as evidence, in behalf of the plaintiffs, a copy of the record in the case of unlawful entry and detainer of William Postlewait against Henry Barrackman, mentioned in the defendant's eighth bill of exceptions. The defendant in the unlawful detainer, Barrackman, was a witness for the defendant, Wise, in the court below, and the record of the unlawful detainer case was given in evidence to contradict the witness. The witness had not testified in respect to the fact that such record did or did not exist, or that the verdict shown in such record to have been found had or had not been rendered. The record could not be admitted or used as evidence to prove any allegation or fact upon which the verdict of the jury shown in the record must be supposed to have been rendered. *Stinchcomb* vs. *Marsh*, 15 Grat., 202, 1 Greenl. Ev., sections 538, 539; 1 Stark. Ev., p. 196.

I think the record was, therefore, improperly admitted in evidence.

For the errors in admitting in evidence the record of the unlawful detainer case, and the deposition of the witness, Wade, it seems to me the judgment complained of ought to be reversed, with costs to the plaintiff in error, the verdict of the jury set aside, and the cause remanded for a new trial to be had therein.

President Brown concurred.

JUDGMENT REVERSED. The supersedeas not having been granted within the sixty days allowed by the court below, and the plaintiffs below having been put in possession under the judgment, a writ of restitution was ordered by this court to put the defendant below again in possession.