# 𝕮𝖍𝖆𝖗𝖑𝖊𝖘𝖙𝖔𝖓.

## SHREWSBURY v. MILLER et al.

(Absent, MOORE, JUDGE).

Decided April 28, 1877.

1. In an action of debt upon a joint bond against eleven persons, as to one the sheriff returns "no inhabitant of my bailiwick," and thereupon the court orders the action to abate as to that defendant; and none of the other defendants object to the abatement, and do not object at any time in the court below; there are two continuances of the cause, one verdict in favor of all the defendants—verdict set aside on motion of plaintiff; another trial and verdict and judgment against all said defendants; the said defendants must be held in the appellate court to have waived the error, if any, and it is too late to insist upon it in the appellate court.

2. An Appellate Court will not reverse the judgment of an inferior court unless error affirmatively appear upon the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment.

3. It makes no difference upon what ground the court below decided the case, or the particular matter complained of, it is not the reasons assigned upon which the court decided a question that is to be reviewed, but the action of the court itself; and the question always in the appellate court is, whether the judgment to be reviewed is correct.

4. When a motion is made before a court to set aside a verdict and grant a new trial, and the counsel puts his motion on a particular ground, the court is not confined to the ground upon which the motion is based, but if it sets the verdict aside for any sufficient reason, there is no error in so doing.

1877.
January Term.

| 10 | 115 |
| 34 | 172 |
| 10 | 115 |
| 35 | 55 |
| 36 | 426 |
| 10 | 115 |
| 38 | 455 |
| 38 | 528 |
| 10 | 115 |
| 40 | 246 |
| 40 | 361 |
| 10 | 115 |
| 41 | 280 |
| 10 | 115 |
| 42 | 62 |
| 10 | 115 |
| 47 | 502 |
| 10 | 115 |
| 49 | 553 |
| 10 | 115 |
| 51 | 239 |
| 51 | 254 |
| 51 | 299 |
| 10 | 115 |
| 61 | 314 |
| 10 | 115 |
| 62 | 421 |

5. Where a new trial is granted in a case appearing clearly within the jurisdiction of the court, it is not necessary for the court to state in the record the grounds for granting it, as it will be presumed it was correct unless the contrary appears.

6. Where a motion is made to set aside a verdict and for a new trial on the ground that it is against the evidence, and the motion is either granted or refused; upon a writ of error, in the appellate court, the record must not only sufficiently show the facts proved, or the evidence given to the jury, but it must appear, either expressly or by necessary implication, that it contains all the facts proven or evidence given to the jury at the trial; and such facts or evidence must show error in the judgment of the court below, or such judgment will not be reversed.

The writ of error in this case was allowed upon the petition of the defendants to a judgment of the circuit court of Mason county, rendered against them in a certain action of debt, wherein Columbus Shrewsbury was plaintiff and John W. Miller and others were defendants.

Johnson, Judge, who delivered the opinion of the Court, gives a sufficient statement of the case.

The Hon. Joseph Smith, Judge of the seventh judicial circuit, rendered judgment upon the verdict of the jury at October term, 1873, of the circuit court of Mason county. At the September term, 1872, of said court a verdict of the jury then had in favor of the defendants was set aside by the court, but it does not appear by the record what Judge presided at that term.

*Smith and Knight,* for plaintiffs in error, relied upon the following authorities:

*Humphrey's adm'r v. West's adm'rs,* 3 Rand., 516; *Pleasants v. Clements,* 2 Leigh, 474; *Carr v. Gale,* 3 Woodb. & M., 38; *Fearnig v. De Wolf,* Ibid., 185; *Aiken v. Bemes,* Ibid., 348; *Wetmore v. Murdock,* Ibid., 380; *Wilkerson v. Gurley,* Curt., 63; *Blogg v. Phœnix Insurance Company,* 3 Wash. C. C., 58; *Stanley v. Whipple,* 2

McLean, 35; *Munford et al. v. Overseers of Poor of Not-* *toway,* 2 Rand., 313, 320; *Steptoe v. Reade,* 19 Gratt., 1; *Urton v. Hunter, Harris & Co.,* 2 W. Va., 83; *Rohr v. Davis et al.,* 9 Leigh, 30; *Baber v. Cook et al.,* 11 Leigh, 606; Code W. Va., chap. 131, § 9.

*John W. English,* for plaintiffs in error, cited the following authorities:

Code W. Va., chap. 125, § 8; 2 W. Va., 83; Code W. Va., chap. 131, § 19; 13 Gratt., 650; *Ward v. Motter,* 2 Rob. (Va.), 564; 5 Rob. Pr., 882; 1 Green. Ev., § 49; *Newlin v. Beard,* 6 W. Va., 110; *Steptoe v. Reade,* 19 Gratt., 9; 2 Rand., 3-0; 11 Leigh, 606; 9 Leigh, 30; 3 Rand., 334; Session Acts 1839, Va., p. 42; Code W. Va., 607, § 52; *Blosser v. Harshbarger,* 21 Gratt., 214; *Campbell v. Lynn & Co.,* 7 W. Va., 665, 672; 3 Graham & Waterman on New Trials, 339.

*W. H. Tomlinson,* for plaintiff in error:

25 Eng. C. L. R., 155; 18 Gratt., 817; 4 W. Va., 50; 2 Leigh, 157; *King v. Smith et al.,* 2 Leigh, 479; 2 Wall., 219; 1 Wash., 90; 1 Call., 41; 1 Green. Ev., §49; 3 Graham & Waterman's New Trials, Ed. 1855, 1267, 1283-4; 2 Rand., 446; 2 Rob. (Va.), 536; 19 Gratt., 10; *Green v. Cole,* 2 Saund., 243-254.

*S. A. Miller,* for defendant in error, referred the Court to the following authorities:

17 Gratt. 434; 6 Gratt., 712; 4 Munf., 492; 1 Graham & Waterman on New Trials, 142; Baldwin, J., in *Paterson v. Ford,* 2 Gratt., 26; *Young et al. v. Black,* 7 Cranch., 565; Acts (W. Va.), 1872, ch. 17, §1, clause 8; *James River & K. Co. v. Adams,* 17 Gratt., 427, especially opinion of Moncure, J., pp. 433, 434; Kate's case, Ibid., 561; 18 Gratt., 214; *Moore v. Mississippi,* 21 Wall., 636; *Adams v. Hubbard,* 25 Gratt., 129.

### STATEMENT OF THE CASE BY THE JUDGE.

This is a writ of error to a judgment of the circuit

court of Mason county, rendered on the 6th day of September, 1872, granting a new trial upon the motion of the plaintiff.

Columbus Shrewsbury was, in 1867, the sheriff of Mason county, and on the 9th day of January of that year, appointed John W. Miller, one of the defendants, his deputy, and on the 25th day of February, 1867, the said Miller executed his bond as such deputy, which bond is as follows:

$25,000.

*Know All Men by These Presents*—That we, John W. Miller and Thomas A. Johnson, William Morehead, Hugh Parker, Lewis Bails, A. Hess, B. S. Hays, D. C. Forbes, B. R. Buffington, W. W. Harper, C. Stortz, are held and firmly bound unto C. Shrewsbury in the just and full sum of $25,000, in good and lawful money of this State, to be levied respectively of our goods and chattels in default of the underwritten conditions.

The conditions of the above obligation are such, that whereas, C. Shrewsbury, sheriff of Mason county, has appointed said John W. Miller his deputy for said county, now, therefore, if the said John W. Miller shall faithfully perform the duties of said office, then this obligation is to be void, otherwise to remain in full force and virtue.

Witness our hands and seals, this 25th day of February, 1867.

| | |
|---|---|
| JOHN W. MILLER, | [seal.] |
| THOMAS A. JOHNSON, | [seal.] |
| WILLIAM MOREHEAD, | [seal.] |
| HUGH ⋈ PARKER,<br>his ... mark | [seal.] |
| LEWIS BAILS, | [seal.] |
| ADOLPH HESS, | [seal.] |
| B. S. HAYES, | [seal.] |
| D. C. FORBES, | [seal.] |
| B. R. BUFFINGTON, | [seal.] |
| WILLIAM W. HARPER, | [seal.] |
| CHRISTIAN STORTZ, | [seal.] |

This bond was acknowledged, by all the parties before a notary.

C. Shrewsbury, on the 27th day of December, 1871, brought an action of debt on this bond in the circuit court of Mason county.

The defendants were all served with process except B. R. Buffington, and as to him the return was "Not found in my bailiwick."

The defendants John W. Miller and W. W. Harper pleaded "covenants performed." The defendant B. S. Hayes filed two special pleas, both of which amount to the plea of *non est factum*, setting up the circumstances to show why it was not his deed. The defendants Thomas A. Johnson, William Morehead, Hugh Parker, Lewis Bails, B. S. Hayes and D. C. Forbes filed a special plea of the same character, which was the plea of *non est factum*. And the defendants Thomas A. Johnson, William Morehead, Hugh Parker, Lewis Bails, Adolph Hess, B. S. Hayes, D. C. Forbes and Christian Stortz filed a plea of *non est factum* without stating any circumstances. Issue was taken on these several pleas, and the order of the court filing them, concluded thus :

"And the sheriff having made return that the defendant B. R. Buffington was not found, it is ordered that this suit abate as to him." !

The cause appeared upon the docket at the June term, 1872, of the Court, and was continued.

At the September Term of the same year the case was tried upon the issues joined, and the order entered on the 6th day of September, 1872, is in these words : "And at another day, to-wit : At a circuit court continued and held for the county of Mason, at the court house thereof, on Friday, the 6th day of September, 1872, this day came again the parties by their attorneys, and the jury sworn for the trial of the issue in this cause, appeared in court pursuant to their adjournment on yesterday, and after having fully heard the arguments of counsel, were sent out to their room to consider of their verdict, re-

turned into court, and upon their oaths say they find for the defendants; and thereupon, the plaintiff, by his counsel, moved the court to set aside the said verdict and award him a new trial, because the jury found a verdict generally for all the defendants, when in fact the defendants Miller and Harper had pleaded only the plea of " covenants performed," and there was not sufficient evidence to sustain said plea as to said Miller and Harper, which motion was sustained by the court, and said verdict,set aside and a new trial awarded the plaintiff upon payment of the costs of the present term."

This is all that is shown upon the record as to the motion for a new trial, and it nowhere appears that the defendants or any of them objected to the court setting aside the said verdict. There was no exception taken to the judgment of the court, and no bill of exceptions upon the court setting aside the verdict, signed by the court, and no attempt to have one signed. The next order made in the cause was on the 9th day of April, 1873, in reference to an attachment in the cause. At the same term the cause was continued, upon the defendant's motion. On the 8th day of October, 1873, the defendant, W. W. Harper, filed a plea of *non est factum* upon which issue was joined. On the 10th day of October, 1873, another trial was had, and a verdict rendered in favor of the plaintiff against all the defendants for $9,457.78. Thereupon, the defendants' counsel moved the court to set aside the verdict and grant a new trial, which motion was submitted without argument and considered by the court, and the court overruled the motion and entered up judgment upon the verdict. The record does not show that at any time the defendants objected to the suit being abated as to the defendant R. B. Buffington. This is all the record deemed material to the questions presented to this Court.

JOHNSON, JUDGE:

It is contended in the argument here, and for the first

time, that the court erred in abating the suit as to the

defendant B. R. Buffington upon the return of the sheriff of "not found in my bailiwick," insisting that such an order could only be made upon a return of "non resident" as to a defendant. The return of the sheriff certainly is not such as would authorize an abatement of the suit as to the defendant Buffington under section eight of chapter one hundred and twenty-five of the Code; but as the defendants made no objection at any time to such abatement, and the cause was twice continued and two trials had afterwards, they must be deemed to have waived any such objection.

In the case of *Bush v. Campbell*, 26 Gratt., it was held that where, " in an action of debt upon a bond against five persons, the plaintiff endorsed on the process ' not to be served on ' G,' ' who was one of the five, and he was not brought before the court, there having been two continuances of the cause and a verdict and judgment against one of the defendants, and he having moved for a new trial and also in arrest of judgment, without at any time objecting to the failure of plaintiff to make ' G ' a party ; and it appearing further from the motion in arrest of judgment that ' G ' had absconded and left the State before the suit was brought, ' B ' must be held in the appellate court to have waived the objection, and it was too late to make it in the appellate court."

It was held in the case of *Hart v. B. & O. R. R. Co.*, 6 W. Va., 336, that where a plea is filed by defendant without objection, and thereby becomes a part of the record, and afterwards, the court, on motion of the plaintiff, rejects the plea, and the defendant fails to except to the opinion of the court in rejecting the plea, the appellate court must presume that the defendant acquiesced in the decision of the court in rejecting the plea.

But it is insisted that the court erred in setting aside the verdict of the jury rendered on the 6th day of September, 1872. It is argued for the defendant in error that where there is no bill of exceptions taken in the

cause, to the judgment of the court in granting a new trial, such error cannot be considered here. This, as a general proposition, is stated too broadly. For there are cases in which, for an error appearing in the record, although no motion was made for a new trial in the court below, the appellate court will reverse the judgment of the inferior court, and remand the cause for a new trial as where the record shows there was no issue taken on a material plea, or if there was no plea at all filed, and the jury were sworn to try the "issue" as if there was a plea, or where the damages assessed by the jury exceed the amount claimed in the writ or declaration, unless the plaintiff will release the excess.

*Totty's exr. v. Donald & Co.*, 4 Munf., 430; *McMillion v. Dobbins*, 9 Leigh, 422; *Christie v. B. & O. R. R. Co.*, 5 W. Va., 325; *Tenant's ex. v. Gray*, 5 Munf., 494.

But it may be laid down as a settled principle that an appellate court will not reverse the judgment of an inferior court unless error affirmatively appear on the face of the record, and such error will not be presumed, all the presumptions being in favor of the correctness of the judgment. *Little Miami R. R. Co. v. Collett*, 6 Ohio St., 182; The Potomac, 2 Black, 581.

It makes no difference upon what ground the court below decided the cause, or the particular matter complained of, it is not the reason upon which the court decided a question that is to be reviewed by the appellate court, but the action of the court itself, and the question always, in the appellate court is whether the judgment to be reviewed is correct. *Davis v. Packard et al.*, 6 Pet., 41; *McClung v. Silliman*, 6 Wheat., 603.

Where a new trial is granted in a case appearing clearly within the jurisdiction of the court, it is not necessary for the court to state in the record the grounds for granting it, as it will be presumed it was correct, unless the contrary appears. *Hume v. Beall*, 3 Munf., 226. *Rixey v. Ward*, 3 Rand., 52.

In *Haris v. Lewis*, 5 W. Va., 575, it was held, that,

where there is nothing in the record to show upon what ground the court below acted in granting a new trial, and the record does not show that, that court acted improperly, this court must presume that the action of the court was right. It is admitted that if the record before the appellate court affirmatively shows, with all the presumptions in favor of the judgment of the court below, that its action in granting or refusing a new trial, was erroneous, the appellate court will reverse such judgment and remand the cause for a new trial to be had.

The case of *Callaghan v. Kippers*, 7 Leigh, 608, was an action of *assumpsit* for the price of hogs, alleged to have been sold and delivied by the plaintiff to the defendant; verdict was rendered against the defendant; the defendant moved the court to set aside the verdict and grant him a new trial, upon the ground he had discovered new testimony, as stated in his own affidavit and the affidavit of one Henry B. Hunter. The motion was overruled and a bill of exceptions was filed containing those two affidavits. In that case Judge Cabell said : " In the case before us the court to which the motion was addressed heard all the evidence, not only that discovered after the trial, but that which was given to the jury ; and that court decided against the new trial. It may possibly have erred ; and if it did err, it is our right and our duty, as an appellate court, to correct the error. But every judgment is taken to be correct, until it is shewn to be erroneous. How, then, stands this case ? What is the proof afforded by this record, that the inferior court has erred ? It gives us only the newly discovered evidence, which if it was the only evidence in the case, would shew the verdict to be wrong. But other evidence was given to the jury ; and that evidence may have justified the verdict even if the newly discovered evidence had also been before the jury. It may have been proved to the perfect satisfaction of the court and jury that Callaghan was in fact a partner, in which case

1877.
January Term.

Shrewsbury
v.
Miller *et al.*

the verdict would be clearly right.    We may readily conceive various other circumstances which would justify the verdict, notwithstanding the newly discovered evidence.    In the absence of proof to the contrary, we must presume the verdict and judgment to be correct. The bill of exceptions should have stated not only the new evidence, but all the facts which the court below considered as proved by the evidence given to the jury. If that had been done this court would have the means of deciding whether the inferior court erred or not. But it has not been done, and nothing is left to us but to presume that the judgment is correct, and to affirm it accordingly."    And the judgment was affirmed by the whole court.

It has been held repeatedly, that if a bill of exceptions is taken to *instructions* to the jury, and sufficient facts are not set forth to show whether the instructions were relevant or irrelevant, the appellate court will not decide upon the correctness of the instructions, as the presumption, is the court decided correctly in the absence of proof to the contrary.    *Fitzhugh's exr. v. Fitzhugh,* 11 Gratt., 308 ; 2 W. Va., 90 ; *Wise v. Postlewaite, et al.,* 3 W. Va., 452.

And the same strictness is required as to exceptions to the admission of improper evidence upon the trial of a case.    In the case of *Carlton, Chamberlain & Co. v. Mays & Co.,* 8 W. Va., 245, it was held, that a party complaining of the admission of improper evidence, must state the facts or the evidence in his bill of exceptions, from which it will appear affirmatively that the evidence is improper.

Where a motion is made to set aside such a verdict and for a new trial on the ground that it is against the evidence, and the motion is either granted or refused upon a writ of error in the appellate court there must not only be a bill of exceptions, stating the facts proved, or the evidence given to the jury, but it must appear either expressly or by necessary implication that the bill of

exceptions contains all the facts proved or evidence given to the jury at the trial; and such facts or evidence must show affirmatively error in the judgment of the court below, or such judgment will not be reversed.

*Eastman v. Wright*, 4 Ohio St., 156; *Ide v. Churchhill*, 14 Ohio St., 372; *Russell v. Ely et al.*, 2 Black, 576; *Bank of Valley v. Bank of Berkeley*, 3 W. Va., 386.

According to these principles, how stands this case? The case of *Green v. Cole*, 2 Saund., 228, relied upon by appellant's counsel, can have no application here, for the motion in that case was, as the record shewed, on the ground, and the only ground that the error appeared upon the face of the verdict itself. Counsel contend that according to the principles decided in *Pleasants v. Clements*, 2 Leigh, 474, the court erred in setting aside the verdict. In that case, after the verdict was rendered against Mrs. Clements, she thereupon filed an affidavit that she had material testimony that she might have introduced, but that she was induced not to summon the witnesses by her counsel, who advised her "that in his opinion it was unnecessary, as well because of the testimony of another witness already taken in the case, as because the matter in controversy had been already determined in the court of chancery, a court of competent jurisdiction, in which the question of fraud had been fairly tried and determined; that owing to this advice she had been surprised at the trial; and she verily believed that if she could obtain a new trial she would be able to prove by the above persons and others that the slave sold to Pleasants had been and was at the time of the sale as healthy as any man of his age." "Upon this affidavit," says the record, "she moved the court to set aside the judgment entered the day before, and the verdict, and to order a new trial; and the court *upon the strength of the affidavit alone*, did set aside the judgment and verdict and order a new trial." The appellate court very properly said this was error. The court below certified that there was no other reason for setting

aside the verdict, and there was manifestly none shown by the affidavit. But that case has no resemblance to this. If the circuit court of Mason county had certified that there was no reason to disturb the verdict of the jury as to the *eight defendants who pleaded non est factum*, and that the only reason that existed for setting it aside as to any ot the defendants was, "because the jury found a verdict generally for all the defendants, when in fact the defendants Miller and Harper had pleaded only the plea of covenants performed, and there was not sufficient evidence to sustain said plea as to said Miller and Harper," there would have been some similarity in the two cases, and the able argument of defendants' counsel as to the release of one joint obligor being a release of all, would have had force in this case. But the court certifies nothing of the kind; all we have on the record as to the motion for a new trial is in these words: "And thereupon the plaintiff, by his counsel, moved the court to set aside the said verdict and award him a new trial, because the jury found a verdict generally for all the defendants, when in fact the defendants Miller and Harper had pleaded only the plea of covenants performed, and there was not sufficient evidence to sustain said plea as to said Miller and Harper, which motion was sustained by the court, and said verdict set aside and a new trial awarded plaintiff upon payment of costs of the present term."

What motion was sustained by the court? Clearly the motion for a new trial. The court, as we have seen, was under no obligations to spread upon the record his reasons for setting aside the verdict; it has certified no reasons. It is argued that it did it for the only reason stated in the motion of counsel; but this view is not sustained by the record. It may be the counsel himself had other reasons, and may have stated them; the record does not say he stated no other. A court is not confined to the ground upon which counsel may choose to put a motion for a new trial; it may do so if it chooses, but it will not be presumed that it did, and in

the absence of anything in the record to show the con-
trary, it will be presumed it acted on sufficient grounds
to justify it in setting aside the verdict.

I have searched in vain for an authority which holds that in a motion for a new trial, the court is confined to the ground upon which the counsel puts it. It seems to me that such a requirement would be absurd.

It was held in *Humphrey's adm'r v. West's adm'r*, 3 Rand., 516, that a new trial can only be had upon motion; as the court is not bound *ex mero motu* to grant a new trial. But when the motion is made of course the court must act upon it, and it is not confined to the grounds of the motion. From the record. as it appears here, we can't see that the court erred in setting aside the verdict. It may have been that the evidence was wholly insufficient to sustain any of the pleas. It is insisted that the plaintiff's counsel, in his motion, admitted that the evidence was sufficient to sustain the pleas of *non est factum*. The record does not show such admission, and we cannot draw inferences against the judgment of the court. The plaintiff's counsel, in his motion, as far as the record discloses, simply said nothing about any of the defendants except Miller and Harper. If he had merely asked to set the verdict aside as to Miller and Harper, and the court had set it aside as to them, and them only, it would have been a different case. But the motion is to set aside the whole verdict, and the court does it, and it is immaterial in this case upon what ground the motion was founded. The court has not limited itself in its action, and has set aside the verdict without assigning any reason for it, and it was not bound to assign any, and there is absolutely nothing upon the record to show that it erred in its judgment. There is much argument by appellant's counsel as to how careful a court ought to be about disturbing the verdict of a jury, and this argument would have had force if the appellate court could see upon what facts the court acted. If, as they claim, there was sufficient evidence

to sustain the plea of *non est factum* as to the eight defendants who pleaded it, and the verdict ought to have stood as to them, and that would have released all, as all were jointly bound, there is much force in the argument that the court ought not to have disturbed the verdict. How do we know this? We can't take it from arguments of counsel. If we had before us, as in this case to disturb the verdict, it was indispensable to have a bill of exceptions setting forth *all* the evidence or *all* the facts proved, and they shewed us that the pleas of *non est factum* were fully sustained by the evidence, it might have been amply sufficient to have convinced us the court erred. But no evidence whatever is certified, and there is nothing in the record to show the court erred, and we presume it was warranted in doing just what was done.

The record shows no objection whatever by the defendants to the court setting aside the verdict and granting a new trial. In the case of *Mann, exr., v. Perry, admr., &c.,* 3 W. Va., 581, it was held that after verdict, without objection, it was too late to make the action of the court in excluding evidence irrelevant to the issue under the pleadings and not objected to at the time, a ground for setting aside the verdict and awarding a new trial. It is true that it is provided in section nine of chapter one hundred and thirty-one of the Code of West Virginia, that " a party may avail himself of any error appearing on the record by which he is prejudiced without *excepting* thereto," but it was not intended by this section to provide that a party might avail himself of any error appearing on the record, even if to his prejudice, without *objecting* thereto. Can he be permitted to let irrelevant testimony go to the jury without objection, and after the trial is over, and the other party has had no opportunity to correct the error, to avail himself of an error which he has acquiesced in and waived? We think not. That clause merely meant to say that it was not necessary to save every error by exception ; that, if it was not

waived, if the error appeared on the record and was to his prejudice, and the fact affirmatively appeared by the record, that he could avail himself of it in the appellate court. Why did the defendants not object to the verdict being set aside? We are not by the record informed; but it is very easy to see why they chose not to object. The condition of the case might have been sucd that they had no hesitation in having a new trial, anh may then not have thought that they would have occasion to take the case to the appellate court; it may have been for the same reason that they did not except to the judgment of the court in setting aside the verdict and having the facts proven or the evidence certified in a bill of exceptions. They should have resisted the setting aside of the verdict, and when set aside should have, excepted to the judgment of the court. By not objecting they waived their right in this Court to attack the judgment of the court complained of; from anything that appears upon the record, they had no objection to having the verdict set aside.

For these reasons I am of opinion there was no error in the judgment of the circuit court of Mason county, entered on the 6th day of September, 1872, setting aside the verdict of the jury, and the judgment of the said court entered on the 10th day of October, 1873, on the second verdict rendered in the case, and that said last named judgment should be affirmed with $30 damages and costs to the appellees.

Judges Haymond and Green concurred in this opinion.

JUDGMENT AFFIRMED.