# WHEELING.

MILLER *et al. v.* ROSE *et al.*

Submitted June 22, 1882—Decided March 24, 1883.

(*WOODS, JUDGE, Absent.)

1. The court must be affirmatively satisfied that there is error in the judgment of the court below to the prejudice of the plaintiff in error before it can reverse such judgment.   (p. 292.)

2. In a proceeding, under section 29 of chapter 194 of the Acts of 1872-3, to remove gates erected across a public road, this Court will not reverse an order of the county court directing the removal of such gates upon the application of a person who appeared in the county court and objected to the proceeding unless the record affirmatively shows that such person is the owner or tenant of the lands on which said gates are erected, or that he is otherwise prejudiced by the removal of such gates.   (p. 293.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jackson, rendered on the 9th day of September, 1879, in an action in said court then pending, wherein Lewis M. Miller and Reuben Douglass were plaintiffs, and Thomas Rose and others were defendants, allowed upon the petition of said plaintiffs.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

The facts of the case are sufficiently stated in the opinion of the Court.

*J. H. Riley, H. C. Flesher* and *Warren Miller* for plaintiffs in error.

*George J. Walker* and *V. S. Armstrong* for defendants in error cited 1 Call. 443; 4 Munf. 398, and 3 Rand. 221.

SNYDER, JUDGE, announced the opinion of the Court:

Thomas Rose and fifty-five others, on the 18th day of April, 1879, presented to the county court of Jackson county their

*Case submitted before Judge W. took his seat on the bench.

petition praying for the removal of "certain gates upon the public road leading from the Ripley and West Columbia pike (near the residence of Lewis Miller) in said county to the Ohio river." They also presented with said petition a notice for the removal of all gates on said road and affidavits showing the posting of said notice and moved the court to docket said petition, to which motion the plaintiffs in error, L. M. Miller and Reuben Douglass, objected because the said notice had not been posted for the time and in the manner prescribed by the statute. The court upon an inspection of said notice and affidavits—no other evidence being offered—overruled said objection and docketed said petition and the said Miller and Douglass excepted. On the following day the court made an order directing the surveyor of the road precinct through which said road passes, after the expiration of thirty days, to remove all gates from said road, and giving costs against said Miller and Douglass. To this order the said Miller and Douglass also excepted, and, afterwards, obtained a writ of error to the circuit court of said county which court, on the 9th day of September, 1879, affirmed the said order of the county court, and from said judgment affirming said order of the county court they have, by writ of error, brought the case to this Court.

The plaintiffs in error have assigned several errors in this Court, but in our view of the case it is unnecessary to consider any of them for the reason that this writ of error must be disposed of on a preliminary question.

This proceeding was taken under the provisions of section 29 of chapter 194 of the Acts of 1872–3, which section is as follows: "29. The county court of a county may upon petition, permit gates to be erected across any county road therein, or cause any gate erected across a county road to be removed; but notice of every petition for that purpose must first be posted at the front door of the court house and at three public places in the vicinity of the gate proposed to be erected or removed, at least three weeks before the meeting at which such order is made."

It is well settled that to entitle a party to obtain and prosecute a writ of error or appeal in this Court, he must not only be a party to the controversy, but the record must affirma-

tively show that he has been prejudiced by the order, judgment or decree from which the writ of error or appeal is taken—*Supervisors* v. *Gorrell*, 20 Gratt. 484; *Shrewsbury* v. *Miller*, 10 W. Va. 115; *Richardson* v. *Donehoo*, 16 W. Va. 685.

Unless the court is affirmatively satisfied that there is error to the prejudice of the plaintiff in error, in the judgment of the court below, it will not reverse such judgment. In this proceeding the record does not show that the plaintiffs in error are in any manner affected by the order of the county court of which they complain. It does not appear that they, or either of them, are the owners of land over which said road passes and on which the gates removed are located, or that they are benefited by said gates or injured by the removal thereof. If the proceeding under the statute above quoted had been for the erection of gates across a public road, this Court would presume that they were affected prejudicially by an order of the court establishing the gates, because every person is entitled to the free and unobstructed use of the public roads and therefore injuriously affected by the erection of gates or other obstructions across the same. The record in this case showing nothing to the contrary we must presume that these plaintiffs in error are but a part of the general public having no interests in the matters in question other than that of every other person in the community, and consequently the presumption is that they are not only not prejudiced but that they are benefited by the removal of the said gates. If, however, they had shown affirmatively to the court or if the fact had appeared upon the record in any satisfactory manner, that the plaintiffs in error were the owners or tenants of the lands through which said road passes and that the gates had been erected for their use, convenience and benefit, then I am of opinion that they might, under a proper construction of the statute, have properly made themselves parties to the proceeding by appearance in the county court and thus entitled themselves to prosecute a writ of error in this Court in case of an erroneous order of the county court removing their gates. But inasmuch as they have failed to show that they are such owners or tenants, and the record nowhere disclosing that they have any

private interest which can be affected by the removal of said gates, they have failed to show affirmatively to this Court that the judgment complained is to their prejudice and, consequently, the judgment of the circuit court affirming the order of the county court must be affirmed with costs and thirty dollars damages to the defendants in error.

JUDGES JOHNSON AND GREEN CONCURRED.

JUDGMENT AFFIRMED.