# WHEELING.

## SNODDERLY v. FAIRMONT.

Submitted June 11, 1883—Decided March 15, 1884.

1. In any case where by consent of parties a jury is waived, and all matters of law and fact arising therein are submitted to the

judgment of the court, and the court tries the cause and renders judgment on its merits, this Court will not reverse the judgment of the circuit court unless all the evidence which was before the circuit court on the trial thereof appears in the record, and unless it further clearly appears thereby, that the judgment was not warranted by the evidence.   (p. 474.)

2. In such a case where the record fails to show what evidence was before the circuit court when it tried the cause, this Court will affirm the judgment of the circuit court, for in the absence of clear proof to the contrary this Court will presume the judgment of the circuit court was warranted by the evidence before it at the time of the trial.   (p. 475.)

Woods, Judge, furnishes the following statement of the case :

I. C. Snodderly, who never resided within the corporate limits of the town of Fairmont, which is a municipal corporation, created and existing by the laws of this State, on March 12, 1879, purchased from A. B. Fleming a citizen and resident of said town, ten shares of the capital stock of the Farmers' Bank of Fairmont of the par value of one hundred dollars each, which were duly transferred to him by Fleming. The town of Fairmont on May 6, 1879, laid the annual tax levy for the town upon the taxable property thereof, at the rate of fifty cents on the one hundred dollars valuation, and assessed, and taxed Snodderly for said ten shares of bank stock, the sum of five dollars, which was paid by him under an attachment, protesting that the town had no legal authority to tax him with said bank stock. Having paid the tax under protest, he sued the town of Fairmont before a justice of the peace of Marion county, to recover from it the sum of five dollars, the amount of the tax collected from him, upon said bank stock. The case was tried by the justice on October 11, 1879, who rendered a judgment in favor of Snodderly for the sum of five dollars, with interest from that date and costs. From this judgment the town of Fairmont obtained an appeal to the county court, where the same was continued from time to time, until the —— day of ————, 1880, when the parties appeared by their attorneys, and filed an agreement of the facts relied on by both appellant and appellee, which from the view we have taken of the case becomes unnecessary for us to consider. This

appeal remained pending in the county court of Marion county, until it was by operation of law transferred to the circuit court of that county, wherein it was, on July 26, 1881, submitted to the court in lieu of a jury, to be tried upon the transcript of the docket of the justice, and other papers in the case, and on said agreement of facts. On consideration whereof the court gave judgment in favor of Snodderly against the town of Fairmont for the sum of five dollars with damages at the rate of six per cent. per annum from October 30, 1879, until paid and his costs before the justice, and also his costs about his defence of the said appeal expended.

From this judgment the town of Fairmont obtained a writ of error to this Court.

*James Morrow jr.* for plaintiff in error.

*U. N. Arnett jr.* and *J. A. Haggerty* for defendant in error.

WOODS, JUDGE:

The plaintiff in error insists that the said judgment was erroneous, and its counsel has argued several interesting questions supposed to arise upon the face of this record, but from the view this Court takes of the case, as here presented, it will be unnecessary to consider them.

The parties to this case, submitted the trial thereof to the judgment of the court in lieu of a jury—upon the transcript of the docket of the justice, the agreement of facts filed in the case, and "*other papers in the case,*" and the court upon consideration thereof, after hearing the arguments of counsel, rendered its judgment in favor of the defendant in error. There was no exception to this opinion and judgment of the court, neither was the court asked to certify either the facts proved, or the evidence adduced before in on the trial. The order shows only, that the case was submitted on the transcript of the docket of the justice, the agreement of facts filed, and "*other papers in the case.*" What these other papers contained, or what they were, does not appear; there is nothing in this record to point out or identify them, or to show that they, or any of them, are contained in the tran-

script of the record of this case.   Whatever they were, they were before the circuit court on the trial, and what influence they may have had on the mind of the court, is left entirely to conjecture.

While it may not be necessary in every instance, where the case is submitted for trial to the court in lieu of a jury to except to its opinion and judgment by bill of exceptions, certifying all the evidence adduced on the trial, yet it is the safer and better practice to do so, for unless the record in some manner fully sets out all the evidence which was before the court, it will be impossible to determine whether the judgment is warranted by the evidence or not; and this Court will not reverse the judgment of the circuit court, unless it clearly appears to be erroneous; for it is a well settled rule that the record must affirmatively show that the plaintiff in error has been prejudiced by the judgment complained of; or in other words, that the judgment is clearly erroneous— *Miller* v. *Rose*, 21 W. Va. 291; *Shrewsbury* v. *Miller*, 10 W. Va. 115; *Richardson* v. *Donohoo*, 16 W. Va. 685; *Taylor* v. *Boughner, Ib.* 327; *Bank of the Valley* v. *Bank of Berkley*, 3 W. Va. 386.   The record in this case fails to show all the evidence which was before the circuit court, and we cannot therefore say that the said judgment is erroneous.

We are therefore of opinion that the said judgment of the circuit court of Marion county must be affirmed, with damages and costs to defendant in error, against the plaintiff in error.

AFFIRMED.