# WHEELING.

## LAIDLEY *v.* KLINE'S ADM'X.

Submitted June 27, 1884.—Decided November 29, 1884.

To entitle a party to maintain a bill of review his bill must show that his interests have been prejudiced by the decree sought to be reviewed, what those interests are, and that he will be benefited by a reversal or modification of such decree.

The facts of the case appear in the opinion of the Court.

*N. Fitzhugh* and *S. A. Miller* for appellant.

*C. Hedrick* for appellee.

SNYDER, JUDGE:

This is the fourth time this cause in its various phases has been brought before this Court. The bill was first filed by a single creditor (the present appellant) of the estate of D. H. Kline deceased, in August, 1870, in the circuit court of Kanawha county, against the administratrix and heirs of said estate to subject the real estate thereof to the payment of the debts. During the progress of the cause it was converted into a general creditors' suit, and by sundry orders, decrees and reports of commissioners all the creditors of said estate were brought into it, their debts reported and the real estate sold. The character of the suit and of the proceedings had therein, without repeating them here, will sufficiently appear in the opinion of the Court reported in 8 W. Va. 218; 21 *Id.* 21; and 23 *Id.* 565.

On December 12, 1878, a decree was entered confirming a report of sales of real estate belonging to said Kline's estate, the gross proceeds of which aggregated $2,490.00, and ordering that out of said proceeds there should be paid : *first*, the costs of said sales; *second*, the costs of suit including the costs incurred upon the appeal theretofore taken to the court of appeals; *third*, the unpaid taxes on the lands of the estate, and the residue of said proceeds to be held until the further order of the court. The said decree also stated, that on that day E. B. Knight and John A. Warth filed their joint petition to which the plaintiff replied generally, and the court being of " opinion, doth decide and order that the said E. B. Knight and John A. Warth are entitled to be paid out of the fund arising from the sales of the said lands the sum of $100.00 each for their services rendered in this cause, as counsel for the personal representative and heirs of the said D. H. Kline, as set out and described in their said petition, and that the complainant is entitled out of said funds to the sum of $200.00, as compensation to his solicitors, Charles Hedrick and Wesley Mollohan, who have conducted this cause as a general creditors' suit, $100.00 to be paid to each of them, each of said sums of $100.00 to be taxed among the costs of this cause."

The petition of Knight and Warth mentioned in said decree states, that the petitioners at the commencement of

this suit had been employed as counsel by the administratrix to defend her interests as such administratrix, and those of the estate, that afterwards said Warth was appointed guardian *ad litem* of the infant defendants and as such requested said Knight to assist him in defending and protecting the interests of said infants; that they have ever since been defending said interests and have rendered most laborious service both in this court and in the Supreme Court of Appeals; that their services are reasonably worth $100.00 each, and pray that said sums may be allowed and paid to them out of said estate or the proceeds thereof.

On June 12, 1880, J. M. Laidley, the original plaintiff, tendered in said court his "bill in the nature of a bill of review," "to impeach" said decree of December 12, 1878, which was on the 24th day of said month allowed and filed by an order of the court.

The said bill, after stating the said decree and the proceedings theretofore had in the cause, avers, that the debts proven against said D. H. Kline's estate amount to some $10,500.00, and the assets for the payment thereof will not exceed $2,460.00; that the plaintiff "is attorney for all the judgment creditors whose debts are proven in the cause except one, and that their claims, including those of the plaintiff in his own right, amount to within $650.00 of the entire debt proven against said estate;" that said decree was entered by the court without reading it, being informed by counsel that it was by consent, when in fact it was entered without the knowledge or consent of the plaintiff or of any creditor of the estate; that plaintiff's counsel had no authority in fact or in law to consent for him or those he represented; that the plaintiff has done fourfifths of the labor in preparing the cause for final hearing; that the allowance to Hedrick and Mollohan, as counsel for the plaintiff, even if legal, is double the amount each could justly claim, and neither of them had ever made any demand on him for any compensation for his services; that the allowance to said Knight and Warth is preposterous, they having resisted the claims and antagonized the interests of all the creditors entitled to the fund out of which said allowance is ordered to be paid; that the manner in which said decree was entered indicates collusion on the

part of the attorneys and the same is a fraud upon the rights of the plaintiff and those he represents; that it was error, therefore, in the court to enter said decree allowing said fees to counsel which can be reviewed and corrected, especially in allowing said fees out of the proceeds of the real estate and without designating what creditors and in what proportion they could be charged with said fees; and the bill prays that said counsel and others be made defendants and the cause referred to a commissioner to ascertain the truth of the facts alleged therein and that the proceedings in relation to said decree may be reviewed, &c.   The bill is sworn to by the plaintiff.

The defendants Hedrick and Mollohan demurred to said bill and the cause coming on to be heard on said demurrer the court, on June 26, 1883, entered a decree sustaining the same and dismissing said bill with costs; and the plaintiff appealed.

The decree of the court below being founded on the demurrer to the plaintiff's bill this Court in reviewing it must take all the allegations of the bill to be true so far as they are properly pleaded.   The question then presented is are the allegations of the bill such as entitle the plaintiff to relief?

Waiving all the questions raised by counsel for the appellees as to the form of the bill it seems to me it wholly fails to show a case for relief to the plaintiff.   It is well settled that a bill of review cannot be sustained in favor of a party who cannot be benefited by a reversal or modification of the decree sought to be reviewed.—*Hall* v. *Lowther*, 22 W. Va 570.   And it is equally well settled that an appellate court will not reverse a judgment or decree unless it affirmatively appears that the party complaining has been prejudiced by such decree or judgment.—*Miller* v. *Rose*, 21 W. Va. 291; *Shrewsbury* v. *Miller*, 10 *Id*. 115.   And in order to give this Court jurisdiction to review a judgment or decree of the circuit court it must affirmatively appear that the amount involved, where it is merely pecuniary, exceeds $100.— *Rymer* v. *Hawkins*, 18 W. Va. 309; *Cook* v. *Van Winkle*, 24 *Id*.

It does not appear from the averments of the plaintiff's

bill in this cause what interest he has in the reversal of the decree sought to be reviewed. His only averment on the subject is, that "he is the attorney for all the judgment-creditors whose debts are proven in the cause except one, and that their claims including those of the plaintiff in his own right amount to within $650.00 of the entire debt proven against said estate.

It is certain that the plaintiff cannot in this bill, which is in his own name alone, have the decree complained of reviewed for any prejudice or error it may show against the rights of the unnamed judgment-creditors which he alleges he represents. Even if he had named them, no relief could be granted them, unless the bill had been in their names and not in that of their counsel.

The amount and priority of the claim alleged to belong to the plaintiff in his own right is not stated, but it is stated that the assets of the estate of Kline applicable to the debts will not exceed $2,460.00. Now, if we look into the record of the original cause, we find, that the only claim reported by the commissioner in favor of the plaintiff is a simple contract debt of $485.70 as of May 28, 1878, and that there are judgment-liens reported in favor of other creditors having priority over that of the plaintiff amounting to about $5,000.00. It is true that at the time the plaintiff's bill was filed the priorities of these debts were not fixed by the decree of the court; but they were reported, and in passing upon the rights of the plaintiff to maintain his bill the court would have to determine the priorities of said debts. This has already been done by this Court on a former appeal—23 West Va. 565—and it is, therefore, unnecessary to do more here than to refer to the conclusions there announced. These conclusions are founded on the same commissioner's report and evidence that was in the cause when the plaintiff's bill was filed, and it will appear therefrom, that the whole assets of the estate, $2,460.00, as alleged in the plaintiff's bill, are entirely insufficient to discharge the claims having priority over the claims owned by the plaintiff in his own right or otherwise, so far as the record discloses. It is apparent, then, that none of the fees allowed counsel by said decree of December 12, 1878, will be paid out of funds which would other-

wise be applied to the plaintiff's debt. In fact the plaintiff's claim would not be paid, if said fees were excluded. The result is, consequently, that the plaintiff is not only not prejudiced by said decree, but he is actually benefited thereby by having the fund, which would have otherwise gone to other and preferred creditors, appropriated to the payment of the fees of his counsel. For these reasons the decree of the circuit court must be affirmed.

AFFIRMED.