# CHARLESTON.

## BALL *v.* COX.

Submitted January 21, 1887.—Decided February 12, 1887.

1. PUBLIC ROAD.

Every road worked as a public road under the direction of a surveyor of roads shall in all courts of this State be deemed a public road, although it may not appear, that the same was formally established by an order of the County Court as a public road.

2. REVERSAL OF JUDGMENT—PRESUMPTION IN FAVOR OF TRIAL-COURT.

In an appellate court every presumption is in favor of the correctness of the judgment of the inferior court; therefore, when the judgment of the inferior court depends upon its finding on the facts presented to it, if those facts are not made a part of the record, such judgment can not be rightfully reversed by the appellate court.

*C. E. Hogg* and *W. A. Parsons* for plaintiff in error.

*J. G. Schilling, C. L. Brown* and *J. W. C. Armstrong* for defendant in error.

SNYDER, JUDGE:

On November 7, 1859, the County Court of Roane county made an order establishing a public road over certain land then owned by Benjamin Riddle and appointed a surveyor and hands to open and work upon said road.

In June, 1882, J. W. Ball, who in 1871 became the owner of the said land, filed his petition in said court to annul and set aside said order establishing said road, upon the ground that the same was irregularly made and therefore void. James S. Cox appeared and resisted the setting aside of said order and alleged, that said road had been used and recognized as a public road for more than twenty years.  This was denied by Ball, and issues of fact were made upon the

petition, answer, replication and rejoinder of the respective parties, and as to whether or not said road had ever been established according to law, whether not it had been recognized by the County Court ordering work to be done thereon, and been used as a public road for over twenty years. These issues were on August 12, 1882, submitted to the court, and after hearing and considering the evidence adduced by the respective parties and the argument of counsel the court found for the defendant and dismissed the petition of Ball with costs. To this finding and judgment of the court there was no exception; none of the evidence was certified or made part of the record by bill of exceptions or otherwise; nor was any motion made for a new trial.

In this condition of the record, the Circuit Court of Roane county on the petition of Ball granted him a writ of error and *supersedeas* to said judgment of the County Court. On April 2, 1883, the Circuit Court upon an inspection of the transcript of the record of said judgment was of opinion, that there was error therein and thereupon reversed said judgment and proceeding to enter such judgment, as the County Court ought to have given, entered an order setting aside said order of November 7, 1859, establishing the said road. From this judgment of the Circuit Court the defendant Cox obtained the present writ of error.

The case has been argued before us in a number of briefs filed by the several counsel of the respective parties; but the error in the judgment of the Circuit Court is so manifest, that very little consideration of the record or reference to the briefs is required to show said error.

The questions tried and determined by the County Court were questions of fact, and as the facts were not certified to the Circuit Court or in any manner made part of the record, I am at a loss to discover, by what means the latter court reached the conclusion, that the findings and consequent judgment of the County Court were unauthorized and erroneous. The Circuit Court had none of the facts before it and therefore could only have reached the conclusion, it did, by reversing the well settled rule, that the findings and judgment of the inferior court are presumed to be right, unless the contrary appears. (*Miller* v. *Rose*, 21 W. Va. 291.)

But it seems from the positions taken in the briefs, that counsel suppose the whole controversy in the courts below was as to the validity or invalidity of the said order of the County Court made November 7, 1859; and they assume, that, if said order was void when made, it must follow necessarily, that no subsequent action or recognition of the County Court could make the road attempted to be established by it a public road according to the laws of this State. This, I think, is a mistaken view of the subject. If we assume, that the said order of November 7, 1859, was absolutely void in so far as it attempted to establish the road, still, as it appointed a surveyor and designated hands to work upon it as a public road, the said order clearly recognized it as a public road. Such recognition, if acquiesced in by the owner of the land, over which it passes, for a long time, may make it a public road, though no order was ever made by the County Court formally establishing or declaring it a public road. (*Kelly's Case*, 8 Grat. 632; 6 Waite's Ac. & Def. 299; *State* v. *Marble*, 4 Ired. 318).

Such is the general law on this subject, which has in this State been confirmed by statute. In section 31 of chap. 194 of the Acts 1872-3 it is declared, that " every road worked as a public road under the direction of a surveyor of roads shall in all courts and places be deemed a public road. " The same provision is contained in section 31 of chap. 14 of Acts 1881, and in sec. 31 of chap. 43 Amend. Code, p. 300.

The question, as we have seen, whether this road had been used and worked as a public road, was by the pleadings in this case fairly and directly submitted to the County Court and tried upon the evidence adduced by the respective parties; and that court upon the evidence thus adduced found for the defendants and dismissed the petition of Ball. None of the evidence heard by that court was made part of the record or certified to the Circuit Court. Therefore, the Circuit Court was bound to presume, that the finding and judgment of the County Court were right and warranted by the evidence before it. (*Shrewsbury* v. *Miller*, 10 W. Va. 115; *Fitzhugh* v. *Fitzhugh*, 11 Grat. 308).

For these reasons I am of opinion, that the judgment of the Circuit Court of April 2, 1883, reversing the judgment

52

of the County Court of August 12, 1882, is erroneous and should be reversed, and the judgment of the County Court affirmed ; and it is so ordered.

REVERSED.