# CHARLESTON.

## RIGGS *v.* HUFFMAN

Submitted January 9, 1890.—Decided January 29, 1890.

BILL OF REVIEW.

To maintain a bill of review, the party filing the same must show by the allegations thereof that he is interested in the matter

disposed of by the decree sought to be reviewed, what those interests are, and that he will be benefitted by a reversal or modification of said decree.

*Doolittle & Bryan* and *L. D. Isbell* for appellant.

*J. H. Ferguson* for appellees.

ENGLISH, JUDGE:

On the first Monday in June, 1887, James Riggs filed at rules held in the clerk's office of the Circuit Court of Cabell county a bill for the purpose of reviewing, reversing, and setting aside a decree rendered by said Circuit Court on the 11th day of December, 1884, in a certain chancery suit then pending in said court in which D. I. Smith and George S. Page, executors of the last will and testament of Evermont Ward, deceased, were plaintiffs, and Fannie C. Huffman, late Fannie C. Ward, and others, were defendants, which suit was brought by said executors for the purpose of obtaining a construction of the will of said Evermont Ward, which construction was given by the decree complained of. The plaintiff in said bill of review relies upon alleged errors on the face of the record, as the grounds for reversing the decree complained of, and assigns them as follows:

"(1) Said decree attempts to enforce, establish, and construe the will of E. Ward, deceased, in a joint judgment against plaintiff and others, (naming them) who were not before the court by service of process or otherwise. (2) The decree recites that the bill was taken for confessed by all the defendants except the plaintiffs and the two infants, yet in fact, as appears by the records, the parties named in the last assignment of error were not before the court, and did not take the bill for confessed. Likewise the record shows that Charles Riggs, Joseph Riggs, the unknown heirs of John Riggs, Sarah Witten, and others were non-residents of the State, and did not take the bill for confessed, but were proceeded against by order of publication. (3) The said bill on its face is so defective that no decree can be rendered thereon; does not allege facts sufficient to give the court jurisdiction of the parties; and does not show any interest in the defendants in the grounds of action or subject in controversy—

naming parties to the bill in the caption thereof, without further allegations showing their interest and relations to the suit, does not make them parties. (4) The said decree recites the will of E. Ward, and places an erroneous construction thereon, in that it gives Fannie C. Huffman an estate in fee-simple in the estate of E. Ward, deceased, while in fact said will only gives her a life-estate. (5) Said decree gives Fannie C. Huffman an estate in fee in the two houses and lots in Guyandotte, whereas said will does not give her any estate therein. (6) Said decree directs a sale of the Riggs farm, but does not dispose of the proceeds of the said sale. (7) Said will is void on its face for the uncertainty and contradiction in its statements, yet said decree enforced and established the same. (8) Said will does not dispose of the two houses and lots in Guyandotte on the James Riggs farm, and the same descends to the heirs at law of E. Ward, deceased : yet said decree gives the same to Fannie C. Huffman, and so of the fee-simple in remainder after the expiration of Fannie C. Huffman's life-estate in the whole property."

The errors thus assigned and relied upon are each and all such as the plaintiff in said bill claims are errors of law, and apparent on the face of the record and decree. On the 15th day of March, 1889, the executors of said will filed their demurrer to said bill of review aforesaid, which, being considered by the court, was decided in favor of the demurrants, and the said bill of review was dismissed, with costs, from which decree dismissing said bill said James Riggs applied for and obtained this appeal to this Court ; and the first error relied upon by the appellant is that the court sustained said demurrer, and dismissed his said bill, for his failure to first obtain leave of the court, or the judge thereof, to file the same.

Now, in considering this question, this Court can only ascertain what was done by the Circuit Court by an inspection of the record, and, looking to that, no cause is assigned in the order sustaining the demurrer other than that the law arising thereon is for the demurrants. It does not, however, appear in the record presented that any formal leave was obtained, either from said circuit court or the judge thereof, to

file said bill of review; and while it is believed that the practice prevailing in the State of Virginia is to apply in the first instance for leave to file a bill of review, whether it is predicated upon the discovery of new matter or for error apparent in the face of the decree, the English practice is different.

Prof. Minor, in his fourth volume, p. 1392, draws this distinction. He says: "No previous leave of court is requisite in order to file a bill of review for error of law apparent on the face of the proceedings, but, when it is desired to file such bill by reason of new matter, such previous leave is indispensable;" referring to 3 Daniel, Ch. Pr. 1729, 1730. And in Mitford on Pleading, top p. 101, side p. 84, we find he says: "A bill of this nature may be brought without the leave of the court previously given;" referring to *Gould* v. *Tancred*, 2 Atk. 534; *Houghton* v. *West*, 2 Brown, Parl. Cas. 88; *Edmondson* v. *Moseby*, 4 J. J. Marsh. 500; and *Bleight* v. *McIlroy*, 4 T. B. Mon. 145.

And again, in Story, Eq. Pl. § 405, the author, in speaking of filing a bill of review for error of law appearing upon the face of the decree, concludes the section by saying: "It is not necessary to obtain leave of the court, before a bill of this kind, for error of law apparent on the face of the decree, can be filed;" referring to Cooper, Eq. Pl. 89, 90, and *Gregor* v. *Molesworth*, 2 Ves. Sr. 109.

The practice in regard to this matter, so far as I can ascertain, has never received any definite ruling in this State. In the case of *Nichols* v. *Heirs of Nichols*, 8 W. Va. 174, Judge HAYMOND, delivering the opinion of the Court, says: "The filling of a bill of review for newly-discovered evidence is not a matter of right, but rests with the sound discretion of the court;" and in the case of *Amiss* v. *McGinnis*, 12 W. Va. 394, the same judge, in delivering the opinion of the Court, says: "In England a bill of review may be brought upon error of law appearing in the body of the decree, without the leave of the court previously given;" and, after quoting from Robinson's Old Practice, (volume 2, p. 418) as follows: "In Virginia, the practice is to apply in the first instance for leave to file a bill of review, whether it be for error apparent in the body of the decree, or upon discovery of new matter since the decree was pronounced." Referring to several Virginia de-

cisions, he says : "I apprehend the practice in this State in this respect is the same as in Virginia. At least, I am not aware of any different practice having been recognized."

Thus it appears the practice in this State upon this point is yet unsettled, and, as we have no statute or decision definitely settling the practice or changing the English practice that I am aware of, no good reason occurrs to me now why the English practice should be changed ; but as the question does not properly arise upon the demurrer, and does not appear to have been passed upon by the court below, we are not now called upon to express a decided opinion upon the question which is suggested by the petitioner in his assignment of errors, but does not appear to have been passed upon in the decree complained of.

Another question, however, is raised by the demurrer to this bill of review. Story, in his Equity Pleading, (page 497, § 637) says : "Bills in the nature of bills of review do not appear subject to any peculiar cause of demurrer, unless the decree sought to be reversed does not affect the interest of the person filing the bill." And in the case of *Laidley* v. *Kline's Adm'x*, 25 W. Va. 208, this Court has held that, to entitle a party to maintain a bill of review, his bill must show that his interests have been prejudiced by the decree sought to be rendered, what these interests are, and that he will be benefited by a reversal or modification of such decree ; citing *Hall* v. *Lowther*, 22 W. Va. 570 ; *Miller* v. *Rose*, 21 W. Va. 291 ; and *Shrewsbury* v. *Miller*, 10 W. Va. 115, in which last-named case this court held that "it makes no difference upon what ground the court below decided the case, or the particular matter complained of, it is not the reasons assigned upon which the court decided a question that is to be reviewed, but the action of the court itself, and the question always in the appellate court is whether the judgment to be reviewed is correct."

Now, while it is true that the demurrer filed in this cause admits such facts as have been properly pleaded by the plaintiff in said bill of review, the question to be considered, in the light of the law we have just quoted, is whether the appellant, James Riggs, has, by proper averments, shown such an interest in the subject-matter of this suit as would en-

title him to insist upon any of the grounds of error assigned in his bill of review. It does not appear from any of the allegations of said bill that said Riggs bears any such relation to the testator, Evermont Ward, deceased, as would entitle him to any portion of the estate of said Ward, even if an issue of *devasavit vel non* had been directed, and it had been ascertained that said Ward died intestate. It does not appear from said averments that said Ward died leaving no children or other heirs at law, which averments would have been necessary before a condition would have arisen which would have entitled him to any interest as an heir at law of said Ward, even if he had properly alleged that he was a half brother of said Ward, which he does not appear to have done.

The only interest asserted by the appellant, Riggs, in the property mentioned in the will of said decedent, is set forth in the answer filed by said Riggs to the bill of complaint. He therein alleges that "the tract of land referred to in the alleged will of said Ward, deceased, on which this respondent now resides, contains about 130 acres, and was purchased by your respondent from his father-in-law, Jonas Graham, in the early part of the year 1876, at the price of $700.00 of which the sum of $100.00 was paid to the said Graham by this respondent of his own money, and the further sum of $600.00 was so paid of money borrowed by this respondent of the said Ward, deceased; and this respondent further avers that said Graham, at the request of the said Ward, conveyed the said tract of 130 acres of land so purchased by this respondent to the said Ward with this respondent's consent thereto, upon an express agreement, by and between this respondent and the said Ward, deceased, that he, the said Ward, would reconvey the said tract of land to your respondent upon the payment to the said Ward by this respondent of the amount of said loan of $600.00, to be applied, as stated, in part payment of the purchase-money on said land, together with interest at the rate of twelve *per cent.* per annum;" and that said transaction was intended to constitute a mortgage to secure the payment to said Ward of $600.00 and interest, loaned to respondent. He further alleges that he is entitled to certain credits therein mentioned, and prays that said deed

may be regarded and declared a mortgage, and that the legal title may be decreed to be made to respondent upon his paying the estate of said Ward, deceased, the amount due as aforesaid; and, upon his failure to pay said amount, that said tract of land may be sold, and the surplus, after payment of costs of sale, and the amount due said Ward's estate aforesaid, be paid to respondent.

The sixth clause of the will, which refers to said Riggs' land, reads as follows: "As to the James Riggs land, as he is sickly and of bad management, and not likely to pay for said land, nor neither a reasonable rent therefor, let it be sold at public or at private sale for what it may bring. All over thirteen hundred dollars I give to him. I also forgive him for all he owes for rents, taxes, and otherwise." By the decree complained of said deed was declared a mortgage. The balance due, after allowing all credits to which said Riggs was entitled, as ascertained to be $1,000.00, and he was directed to pay said sum to said executors, as follows: $200.00 in one year, with interest on the whole $1,000.00 from the 12th of December, 1884, and $200.00 with interest on the whole sum, unpaid at the end of each year thereafter, until the whole sum, principal and interest, is paid; and that said Riggs pay the taxes of the said land and premises for the year 1884, and as long thereafter as the same remains charged with taxes to the estate of said Ward; and that in case said Riggs made first payment therein required, including the taxes for the year 1884, then directing a deed to be made to said Riggs, with covenants of special warranty for said land, reserving the vendor's lien for the several installments of purchase-money remaining unpaid.

Now, it will be perceived that this portion of the decree is in direct response to the prayer for affirmative relief contained in the appellant's answer filed in the cause, the deed to Ward is declared a mortgage, and the tems of sale thereunder as liberal as could be expected. The court ascertained the balance due on the land, and divided the payments into five equal annual installments, with interest; and yet the said James Riggs, as the eighth assignment of error in his said bill of review, complains that "said will does not dispose of the two houses and lots in Guyandotte and the James

Riggs farm, and the same descends to the heirs at law of E. Ward, deceased, yet said decree gives the same to Fannie C. Huffman, and so of the fee-simple after the expiration of Fannie C. Huffman's life-estate in the whole property."

Now, as to the matters complained of in this assignment of error, beyond what is said of the Riggs farm, it is clear the appellant can not be heard to complain, for the reason that he has not shown such interest in himself, as an heir at law or otherwise, as would allow him to object to or complain of any disposition that may have been made of his property by the testator, or any construction that may have been given to said will by the court; and as to such portion of the proceeds of said Riggs farm as may belong to the estate of said Ward he can not be heard, to raise an objection to the decree of the court construing the testator's intention, and directing the manner of its distribution, because he has not shown himself interested as an heir at law or distributee.

Having concluded that the appellant in his bill of review has not shown himself entitled to such interest in the estate of said decedent as would allow him to present such a bill, we are relieved from discussing many of the points which have been so ably presented by counsel for the appellant, and among them in passing upon the errors complained of in the rulings of the circuit court in construing the will of said decedent.

For the reasons hereinbefore indicated, the decrees complained of must be affirmed, and the appellant must pay the costs of this appeal.

AFFIRMED.