# CHARLESTON.

## J. A. McKenzie v. Nora Mackall.

Submitted January 20, 1920.   Decided January 27, 1920.

> Appeal and Error—*Evidence Not Considered Unless Part of Record by Bill of Exceptions.*
>
> Evidence introduced upon the trial of an action will not be considered upon a writ of error unless the same is made part of the record by proper bill of exceptions.

Error to Circuit Court, Hancock County.

Action of unlawful entry and detainer before a justice of the peace by J. A. McKenzie against Nora Mackall. Judgment on a verdict for plaintiff, rendered by the circuit court on appeal, and defendant brings error.

*Affirmed.*

*O. S. Marshall,* for plaintiff in error.
*Hart & McKenzie,* for defendant in error.

Ritz, Judge:

This writ of error brings here for review a judgment of the circuit court of Hancock county in an action of unlawful entry and detainer begun before a justice of the peace, and taken to the said circuit court upon appeal. The judgment complained of is based upon the verdict of a jury in favor of the plaintiff rendered by direction of the court. The defendant in error calls our attention to the fact that the evidence taken upon the trial in the circuit court is not properly part of the record. It appears printed in the record, but nowhere is there any order making it part thereof, nor is the same in the form of a bill of exceptions, nor is it certified by the Judge trying the case. As an introduction to the evidence there is a statement by the clerk that the attorney for the plaintiff in error presented the same certified by the court reporter, and requested that it be copied into the record, which the clerk did, although he certifies that he finds no bill of exceptions or order of the court making the same a part of the record of the suit. It is well settled that before the evidence taken upon the trial of a

case can be considered as part of the record° in the appellate court it must be made part thereof by some proper bill of exceptions which must be filed by a proper order. *Bashar* v. *Railway Company,* 73 W. Va. 39.

It follows, therefore, that we can consider upon this writ of error only such questions as arise upon the pleadings and the judgment rendered. An examination of the summons issued by the justice, and of the orders of the court showing the trial of the case upon appeal and rendering the judgment complained of, discloses no ground for reversal. The errors assigned upon which it is sought to have a reversal are such as require for their proper determination a consideration of the evidence heard upon the trial. This we cannot do.

The pleadings and the court's action thereon, as shown by his judgment and orders, disclosing no error, the judgment is affirmed.

*Affirmed.*