# CHARLESTON.

Dave Sheppard *v.* Meridian Insurance Company

(No. 6632)

Submitted February 4, 1930.   Decided February 11, 1930.

*J. Albert Toler,* for plaintiff in error.
*Wm. M. Holroyd,* for defendant in error.

Lively, President:

Sheppard, plaintiff below, sued the Meridian Insurance Company, a domestic corporation, on a money claim of $200.00 in the court of a justice of the peace in Wyoming county, and caused process to be served on B. F. Goode as agent, the re-

turn thereon stating that execution of the process had been made "by delivering a true copy thereof to B. F. Goode, the agent of said company, in Wyoming county, West Virginia, that being the county and state wherein the said B. F. Goode resided at the time of the service; the president, secretary, treasurer, or other chief officer of said company nor the person appointed pursuant to accept service of process for said company and upon whom process for said company could be had, being absent and not found." A default judgment was rendered against the defendant for $182.00 on December 29, 1928. Later, an execution was issued and garnishment served on a coal company. On the return day of the garnishment the defendant company appeared by counsel and moved the justice to quash the execution and dismiss the garnishment, which motion was overruled and judgment was entered against the garnishee, it having answered. An appeal was taken to the circuit court. Upon trial, the court sitting in lieu of a jury by agreement, the defendant company moved the court to quash the execution and dismiss the garnishment on the ground that Goode was not defendant's agent for service of process, and tendered and examined two witnesses to support its contention that Goode was not such agent. The court denied the motion and affirmed the judgment of the justice by an order entered July 25, 1929, from which order this writ was granted.

In the proceeding on appeal to the circuit court, it does not appear that a motion for a new trial was made, the defendant company contenting itself by objecting and excepting to the court's rulings and judgment. By its motion the evidence of the two witnesses, as transcribed by the official stenographer, was ordered to be filed with and made a part of the record and endorsed by the clerk.

Without considering the method of procedure by which the defendant company attempted to annul the default judgment (see *Nuttalburg Fuel Company* v. *Bank*, 89 W. Va. 438), we are confronted with the question whether we may consider the evidence attempted to be made a part of the record by the order. There is nothing in the pleadings on which a reversal can be based. They are regular, and there are no de-

fects apparent. Without the evidence, we can consider only the pleadings and orders. The court's orders are presumed to be correct in the absence of something in the record to the contrary. *Snodderly* v. *Fairmont*, 23 W. Va. 472; *Thomas* v. *Haynes*, decided February 4, 1930. May this Court consider the evidence on the question of Goode's agency? Chapter 131, section 9 of the Code, after providing for a bill of exceptions in the trial of a case at law in which a writ of error or supersedeas lies to this Court, makes it mandatory, where the action or opinion of the court be upon any question involving the evidence, that the court certify the evidence and the judge sign such bill of exceptions. While it is true the court reporter certified the testimony taken by him and his transcript was filed as a part of the record, this is not sufficient unless such evidence is incorporated in a proper bill of exceptions. *Tracy's Adm.* v. *Coal Company*, 57 W. Va. 587; *Bashar* v. *Railway Co.*, 73 W. Va. 39; *McKenzie* v. *Mackall*, 85 W. Va. 391; *Coal Company* v. *Cecil*, 94 W. Va. 116; *State* v. *Perry*, 101 W. Va. 123. No bill of exceptions was taken. Without it, the Court can look only to the pleadings, and we cannot say that there was error in the findings of the lower court on the question of Goode's agency.

The rulings and judgment of the lower court will be affirmed.

*Affirmed.*