# CHARLESTON.

BRIGHTWELL *v.* BARE, *et al.*

Submitted January 19, 1903.   Decided March 14, 1903.

1. DECREE—*Appeal.*
    Where the final decree is regarded as merely pecuniary, and
    the matter in controversy, exclusive of costs, is not of greater
    value or amount than one hundred dollars, an appeal there-
    from will not lie.   (p. 376).

2. APPEAL—*Writ of Error.*
    To entitle a party to obtain and prosecute an appeal or writ
    of error in this Court, he must not only be a party to the con-
    troversy, but the record must show affirmatively that he himself
    has been prejudiced by the order, judgment or decree, from
    which the appeal or writ of error is taken.   (p. 330).

Appeal from Circuit Court, Summers County.

Action by W. J. Brightwell against W. W. Bare, *et als.*
Judgment for plaintiff and defendants appeal.

*Dismissed.*

W. G. HUDGINS, for appellants,

MILLER & REED and J. J. SWOPE, for appellees.

MILLER, JUDGE:

Mary L. Bare, a married woman, the wife of W. W. Bare,
owned as her sole and separate estate, a house and lot in the
town of Alderson, West Virginia.   She, with her husband, exe-
cuted to appellee, Brightwell, a joint obligation for a sum of
money, for the payment of which, she bound the said property.

Brightwell commenced his suit in equity in the circuit court
of Monroe County, and filed his bill against said Mary L. Bare,
her husband and others, to charge said estate with said indebted-
ness, and some other small demands in favor of the other de-
fendants.   On the 14th day of September, 1892, a decree was
entered in the cause in favor of the defendants, Bare, jointly,
for fifty-seven dollars and eighteen cents, with interest and
costs, and in favor of the other defendants for small amounts.
The decree also provided for the renting of the property, in

case said recoveries were not paid within the time prescribed; but the decree was not executed. Plaintiff's decree, except twenty-four dollars and forty-five cents, was paid to him.

In March, 1893, said Mary L. Bare died intestate, leaving surviving her, W. W. Bare, her husband, Stella Bare, who intermarried with Oscar Brust, and Nellie Bare, an infant, her only children and heirs at law. On the 3rd day of October, 1894, W. W. Bare, by his deed of that date, conveyed his curtesy in said real estate to J. Orr Nickell. In 1894, Joseph N. Alderson commenced his suit in equity in the said circuit court against said W. W. Bare and others to subject said property to the payment of a debt alleged to be due him from W. W. Bare.

Certain decrees were made and entered in said last named suit, including a decree to rent the property to satisfy Alderson's demand. Both suits were removed to the circuit court of Summers County and consolidated, or further heard together, as appears from the imperfect and confused record presented.

The property was rented under the decree in Alderson's suit to G. W. Graves for a term of years.

In 1898, Brightwell filed his amended bill in his said suit, and made parties defendant thereto, said W. W. Bare, C. E. Lynch, as administrator of Mary L. Bare, deceased, G. W. Graves, James Mann, alleged to be a creditor of Mary L. Bare and W. W. Bare, Stella Brust and Nellie Bare. Summons was issued on this amended bill, and served on all of the defendants thereto. W. H. Boude was appointed guardian *ad litem* for Nellie Bare, and filed her answer to said amended bill, to which answer plaintiff replied generally. None of the other defendants made any appearance in said cause. There was a reference to a commissioner who made a report. On the 18th day of September, 1899, the cause was again heard by the court, upon the papers formerly read, and proceedings had therein; upon the answer of Nellie Bare, by her guardian *ad litem,* and general replication thereto; and upon the commissioner's report, whereupon the court pronounced therein personal decrees, as follows: That plaintiff, Brightwell, recover from W. W. Bare and C. E. Lynch, administrator of Mary L. Bare, out of any money in the administrator's hands unadministered, twenty-four dollars and forty-five cents, with costs, less twenty-seven dollars and twenty cents already paid thereon; that James Mann recover from W. W.

Bare and C. E. Lynch, administrator, out of the funds in his hands unadministered, one hundred and sixty-seven dollars and thirteen cents, and that said G. W. Graves recover one hundred and eighty dollars out of the proceeds of the sale of said property, which sum he agreed to take for the possession of the property, for the period for which he had rented it. All of said sums were to bear interest from the 2nd day of May, 1899, and they were each declared to be liens on said property, in the order and priority as above stated. The decree further provides that unless said sums should be paid by said C. E. Lynch, administrator of said Mary L. Bare, deceased, W. W. Bare, or the heirs at law of said Mary L. Bare, deceased, or some other person for them, within fifteen days from the rising of the court, then James H. Miller and J. J. Swope who were appointed special commissioners for the purpose, should sell said house and lot, after having given the required notice. Sale of the property, upon the terms prescribed, was afterwards made by the special commissioners above named to Frank N. Mann, who was not a party to either of said suits, for three hundred dollars, who complied with the terms of sale; and, on the 14th day of May, 1901, said sale was, by the court, confirmed without exception; and said James H. Miller, special commissioner, was directed to convey said property to the purchaser, and to collect and disburse the purchase money therefor, according to the requirements of former decrees.

On the 18th day of May, 1901, E. Chase Bare, as administrator of J. Orr Nickell and said Stella Brust, presented to the court, their several and respective petitions, and asked leave to file the same in said cause, to the filing of which the plaintiff, Brightwell, objected. The said objection was, by the court, sustained and said petitions rejected.

From this last decree, rejecting the petitions, the said E. Chase Bare, administrator as aforesaid, and Stella Brust, obtained from a judge of this Court, an appeal.

The petition of Stella Brust, alleges in substance, that she is the daughter of W. W. Bare and Mary L. Bare, against whom the bill in chancery was filed by said W. J. Brightwell in the life time of said Mary L. Bare, she having since, died, leaving petitioner, and another daughter, Nellie, an infant, her only children and heirs at law; that, at the time of her death, said

Mary L. Bare owned the house and lot in Alderson, mentioned in the said bill, and proceedings thereon; that, since the death said Mary L. Bare, an amended bill had been filed by plaintiff, making petitioner and her sister parties to the suit, and praying a sale of said property; that, on the 16th day of May, 1899, a decree was entered, which is a personal judgment in favor of the plaintiff against C. E. Lynch, the administrator of Mary L. Bare for twenty-four dollars and forty-five cents, and costs, including an attorney's fee of fifteen dollars; and declaring said judgment a lien on the land of said Mary L. Bare; that in the same decree there is a personal judgment against C. E. Lynch, as administrator of Mary L. Bare in favor of James Mann for one hundred and sixty-seven dollars and thirteen cents; another in favor of J. N. Alderson for thirty-one dollars and twelve cents, and another in favor of George W. Graves for one hundred and eighty dollars; that on the 18th day of September, 1899, another decree was entered, in substance the same as that entered on the 16th day of May, 1899; that both decrees declared the aforesaid judgments to be liens upon the real estate of Mary L. Bare, and provided that unless they were paid by her personal representative, her land should be sold, and appointed J. H. Miller, and J. J. Swope, special commissioners, to make sale thereof in pursuance of said decree; that said commissioners did undertake to sell the said real estate at public auction to W. W. Bare, but at the last term of the court, a decree was entered setting aside that sale, and directing another; and that petitioner is advised that the court had no jurisdiction to enter the personal decree as aforesaid. Petitioner then prays that the said decrees may be reversed for the reasons set forth in her petition, and for general relief.

The petition of said E. Chase Bare, administrator of J. Orr Nickell, alleges that his intestate was in his lifetime a creditor of W. W. Bare, and to secure him, the said W. W. Bare, on the 3rd day of October, 1894, made a deed by which he conveyed to said J. Orr Nickell all his interest in the real estate of his deceased wife, being a life estate as tenant by the curtesy in a certain house and lot in the town of Alderson of which said Mary L. Bare was seized and possessed at the time of her death; that while the said deed is an absolute deed of the life estate of the said W. W. Bare, it was in fact only intended as a mort-

gage to secure the said J. Orr Nickell an amount due, and any further advancements, which it was expected and agreed would be made by the said J. Orr Nickell to the said W. W. Bare, and was so treated by the said J. Orr Nickell, who did not reduce the said property into possession but always claimed his right to so do when it should become necessary; that since his qualification as administrator of the said J. Orr Nickell he has learned that the said life estate is advertised for sale by virtue of a decree entered in the cause pending in which W. J. Brightwell is plaintiff and the said W. W. Bare and others are defendants, which was commenced in the life time of said M. L. Bare; that the said J. Orr Nickell was never made a party to the said suit, and had no actual notice of it at the execution of the said conveyance and that there were no judgments, decrees or *lispendens* docketed in the clerk's office of the county court of Monroe, wherein the said property is located, and that the said J. Orr Nickell was a purchaser for the value, of the said life estate without notice, actual or constructive, of the said proceedings, which are in no way binding upon him or his estate; that the proceedings, orders and decrees entered in the said suit are inoperative and of no binding force upon him in his life time or upon his estate. Petitioner prays that the said deed may be treated as a mortgage for the benefit of the estate of the said J. Orr Nickell and that all orders and decrees entered in the suit may be declared inoperative and of no binding force upon him or his estate, and that the said life estate of the said W. W. Bare may be subjected to the payment of the indebtedness of the said W. W. Bare, to the said J. Orr Nickell in preference to the debts set up or attempted to be set up and enforced against the said W. W. Bare in the said proceedings; petitioner also alleges that the said J. Orr Nickell has died since the last term of this Court and that petitioner has but recently qualified upon his estate, he is therefore unable to file with his petition a statement of the said indebtedness, but he is sure that the amount due from the said W. W. Bare to his intestate is more than the value of the said life estate. He prays, therefore, that before any further orders or decrees affecting the said life estate are made he may have an opportunity to have a settlement with the said W. W. Bare of the accounts which have been running between him and the said J. Orr Nickell for a long time and that

he may have a decree for the said life estate in conformity with this petition.

He also asks such other and general relief as the court may see fit to grant.

It is contended by appellee that the appeal was improvidently awarded, and should be dismissed.

Neither of said petitions makes any person a party thereto; and neither of them prays any process thereon. No party to either of said suits, except the appellant, appeared to said petitions or to either of them. The said petitions are defective and insufficient. *Shinn* v. *Board of Education,* 39 W. Va. 499; *Sturm* v. *McGuffin,* 48 W. Va. 595. Said J. Orr Nickell was not a party to either of said causes, and so far as the record shows no mention of him, or of his alleged interest in the subject matter of the *suits,* was made in any of the pleadings therein. "It is well settled that to entitle a party to obtain and prosecute a writ of error or appeal in this Court, he must not only be a party to the controversy, but the record must affirmatively show that he has been prejudiced by the order, judgment or decree from which the writ of error, or appeal is taken." *Miller* v. *Rose,* 21 W. Va. 291, and cases cited; *Williamson* v. *Hays,* 25 W. Va. pp. 609-613. In *Reed* v. *Nixon,* 36 W. Va. 685, the Court says: "At all events, it is a well established principle that an appellant must show by the record not only that there is error in the judgment of the circuit court, but that he, *himself,* has been thereby injured."

In *Stout* v. *Phillippi M. & M. Co.,* 41 W. Va. 339, it is held: "One not a formal party cannot appeal, though effected as a *pendente lite* purchaser."

The decree in favor of appellee, Brightwell, is for twenty-four dollars and forty-five cents, and costs, and being simply a pecuniary decree for less in amount than one hundred dollars, exclusive of costs, the appeal as to him should not have been allowed to either of the appellants. *McClaugherty* v. *Morgan,* 36 W. Va. 191; *Faulconer* v. *Stinson,* 41 W. Va. 546.

Neither the estate of said J. Orr Nickell nor his personal representative is bound by any of the decrees in said chancery cause. Therefore, admitting to be true, the allegations of the petition of said administrator, his remedy, if any, is by original bill.

The said several decrees complained of are decrees on a bill taken for confessed as to said Stella Brust. She was not entitled to her appeal until she had made her motion, after reasonable notice, to the opposite party, his agent, or attorney in fact, or at law, in the court below, or to the judge thereof, to have said decrees reversed, and said motion had been overruled in whole or in part. Code, chap. 134, sec. 6. She made no such motion. Her petition cannot be treated as such notice, as to any of the parties, except Brightwell, because the same was not served upon, nor appeared to, by any opposite party other than Brightwell.

The circuit court did not err in rejecting said petitions. For the reasons stated, the appeal was improvidently allowed and must be dismissed.

*Dismissed.*