# CHARLESTON.

## LEE *v.* SMITH.

Submitted June 12, 1903.—Decided November 14, 1903.

1. DECREE—*Bar.*

   L. instituted his chancery suit in the circuit court of Harrison County, the county in which the alleged cause of action arose, against S.; but the writ commencing the same was directed to the sheriff of, and served on S. in, the county of Jefferson, where he then resided. L. filed his bill, and took

depositions. S. appeared and objected to the taking thereof, because no issue had been made on the bill, by plea or answer thereto by defendant; but S. cross-examined plaintiff's witnesses, reserving his right to object to the jurisdiction of the court in said suit, because the writ was directed and served as aforesaid. The court afterwards refused the motion of S. to quash said writ and dismiss the bill. S. afterwards took and filed depositions, and also filed his answer to the bill; whereupon the court heard the cause upon the bill and exhabits, answer of defendant and replication thereto, and depositions; and, by its decree, dismissed said bill at the costs of plaintiff, which decree has not been appealed from, but is in full force and effect. *Held*, That said decree is not void; but may be relied upon by S. as a bar to a subsequent suit brought by L. against him upon the same cause of action. (p. 92).

2. SYLLABUS APPROVED.

Point 1 of syllabus in *Matheny* v. *Sandford*, 26 W. Va. 586, approved and applied. (p. 99).

Appeal and *supersedeas* from the Circuit Court, Jefferson County.

Action by Dabney C. Lee against Cruger W. Smith. Judgment for defendant and plaintiff appeals.

*Affirmed.*

D. B. LUCAS *and* D. C. LEE for appellant.
JOHN RUSSELL for appellee.

MILLER, JUDGE:

On the 9th day of February, 1886, appellant borrowed, from appellee, two thousand and two hundred dollars, for which he executed to appellee, his obligation under seal, bearing the date aforesaid, payable three years after its date, with interest from the 20th day of August, 1887, interest having been paid thereon to that date. To secure the payment of this debt, with its interest as aforesaid, Lee, on the day first named, executed and delivered to Smith a deed of trust, whereby he conveyed to Thomas W. Harrison, Trustee, certain property situate in Harrison County, described as: A certain lot of ground and the buildings and appurtenances thereto belonging in the town of Clarksburg; and the interest of said Lee in a tract of four hundred acres of land, lying on New Creek, of which George H. Lee, his father, had died seized, and which had not then been

partitioned among the heirs, and others entitled thereto, appellant being one of the heirs.

It was and is provided in the deed of trust that if the party of the first part should desire to dispose of his interest in said New Creek lands, before said single bill, should fall due, then upon his payment of three hundred dollars as a credit on the said single bill, the trust deed should be released by said Smith, as to the New Creek land. The trust further provides for a sale by the trustee of the property therein conveyed, upon default of payment of the single bill.

The debt not being paid at maturity, Lee, by his deed, bearing date on the 11th day of March, 1899, but acknowledged and delivered by him on the 30th day of March, 1899, in consideration of the sum of two thousand, four hundred and four and 96-100 dollars, granted unto appellee, Smith, in fee simple, without reservation of any kind, and with covenant of general warranty, the said property, theretofore conveyed by him to said trustee, as aforesaid. The said consideration, $2,404.96, was and is the amount of money then due on said trust debt.

On the day last named Smith gave to Lee an option in writing, authorizing him to sell the property at any time prior to January 1, 1890, for any amount not less than the $2,404.96, with interest from the 11th day of March, 1889, and also agreed therein to sell the property to said Lee, on the same terms; and further agreed to make a proper deed or deeds of conveyance for said property, if sold, or purchased by Lee, according to the terms of the option, the time of which was afterwards extended by Smith until July 1, 1890. No part of the property was either sold or purchased by appellant under the option. A chancery suit was afterwards instituted in the circuit court of Harrison County by some of the heirs of said George H. Lee, or their assigns, for partition of the said New Creek lands. Appellee was a defendant therein; partition was made; and seventy-one and one-half acres of the lands, by metes and bounds, were allotted to appellee in fee and in severalty. On the 18th day of December, 1891, appellee and wife, by their deed, conveyed the said house and lot in Clarksburg to Grace D. Lee, a sister of appellant, for the consideration of two thousand dollars; and on the 2nd day of September, 1891, by their deed, conveyed all the coal under-lying the said seventy-

one and one-half acres, (described in their deed as 76 acres) to Benjamin Wilson for seven hundred and sixty dollars. On the 8th day of February, 1892, appellee and wife, by their deed, conveyed the surface of their said parcel of land to Mary A. Smith for the consideration of seven hundred and sixty dollars; but in the last mentioned deed, the coal, oil and other minerals under said land were expressly reserved by the grantors. By their agreement in writing, bearing date on the 10th day of June, 1899, appellee and wife leased said land to the South Penn Oil Company for oil and gas purposes.

Appellant afterwards commenced his suit in chancery in the said circuit court of Harrison County, and, at the January Rules, 1895, filed his bill against appellee, but the summons to the defendant was directed to the sheriff of Jefferson County, where the defendant then resided, and was there served upon him. In his bill appellant alleges, in substance, that he obtained the loan from appellee as above stated; that he made his single bill for the same, and executed the said deed of trust, conveying the property hereinbefore described, to secure the payment of the debt at maturity; that when the debt became due, wishing to avoid a public sale under the deed of trust, he, by his deed of March 11, 1889, granted to said Cruger W. Smith in fee simple, for the consideration of the amount of the debt due, the property conveyed in trust to secure said debt; that said Smith delivered to him an option authorizing him to sell the property, and that the time of the option was extended by Smith at appellant's request. Appellant sets out in his bill the sales by appellee to Grace D. Lee, Benjamin Wilson and Mary A. Smith, and charges that those transactions were fraudulent on the part of the appellee. Appellant further charges that appellee had committed a fraud upon him in the purchase of the New Creek property by representing to appellant that said property was of small value, and not easily marketable; that said Smith had peculiar technical knowledge to know, and did know, that said land was especially valuable, and underlaid with rich veins of coal; and that appellee, by reason of his superior knowledge, obtained an unconscionable bargain from appellant, and, by said deed and transaction, acquired from appellant valuable property for a grossly inadequate consideration. The bill further alleges that said three purchasers, Lee,

Wilson and Smith, were and are innocent purchasers for value, without notice of any fraud on the part of appellee. The bill then prays that said Cruger W. Smith be adjudged and required to pay appellant the sum of two thousand dollars, with interest thereon from April 1, 1889, or twenty-seven hundred dollars, (as of the date of the institution of the suit), being the excess of the value of the property at time of its conveyance to Smith as aforesaid, over the amount due him from appellant on the debt. The bill is verified by the affidavit of the plaintiff.

Appellee filed his answer, denying therein all the material allegations of the bill. Depositions were taken and filed, by both appellant and appellee. At the September Term, 1896, the cause was heard by the circuit court of Harrison County upon the bill, answer, general replication thereto, exhibits and depositions; and thereupon the bill was dismissed, and the costs were decreed against the appellant. From this decree no appeal was ever allowed. It stands unreversed, and in full force and effect. More than two years having elapsed since its rendition, it is now final and conclusive.

At the March Rules, 1900, appellant filed another bill in the circuit court of Jefferson County against appellee, in which he sets out, substantially, as he did in his first bill, the said loan to him by Smith, the making of said single bill, the execution of the deed of trust, the making and delivery of said deed, conveying to said Smith the said property in fee simple; the execution by Smith of said option to him and the extension of the time thereof; the partition of the New Creek land, and the allotment to Smith of the portion conveyed to him by appellant as aforesaid; the sales to Grace D. Lee, Wilson and Mary A. Smith, and the lease to the South Penn Oil Company; that the oil company has extracted large quantities of oil from the New Creek lands, and that said Smith has been offered a large sum for his royalty reserved in the lease. The charges against Smith of fraud and unfair dealing are substantially re-iterated. Appellant further alleges "that the understanding between himself and the said Smith at the time of the said transaction was, that the said conveyance to said Smith was to be regarded by them, and was in fact, an equitable mortgage to more fully secure the payment of the debt, with its accrued interest at a later period." The bill prays that the said Cruger W. Smith

be required to transfer and convey to appellant the oil or petroleum, gas and other valuable minerals under the New Creek land reserved by appellee, or pay to appellant the value of the same. To this bill appellee tendered and filed his plea of former adjudication, verified by his affidavit, accompanied by a certified transcript of the record of the first mentioned chancery cause.

Appellant then presented in court, and asked leave to file, an amended and supplemental bill in the cause, alleging, among other things, that said Smith, instead of having the trustee to execute said trust, undertook its execution himself by taking said deed to himself, thus leaving the legal title to said property outstanding in the trustee, where it still is; that at the date of the deed to Smith, plaintiff had nothing but the equity of redemption, and could convey no more than he had; and that said Smith having himself undertaken to execute the trust, should have sold only so much of said property as was sufficient to pay the debt, which Smith at once proceeded to do, and did do, to the amount of $3,520.00, leaving outstanding in the hands of the trustee a valuable deposit of oil, the existence of which was not known to plaintiff, but was known and relied upon by Smith, though not disclosed by him to the plaintiff; and that the sale of said oil and gas was never intended or contemplated by any of the parties. This amended bill then prayed that said Cruger W. Smith and Flora McD. Smith, his wife; the South Penn Oil Company; the Eureka Pipe Line Company; and Thomas W. Harrison, trustee, be made parties defendant thereto, and be required to answer the same; that the whole transaction be considered as a mortgage; that an account be taken, a receiver appointed, and that Smith and wife be compelled to convey to plaintiff the gas and oil underlying said seventy-one and one-half acres of land.

To the filing of said amended bill, the defendant objected, and moved the court to reject the same, which was done. Appellant then replied to the said plea, *nul tiel* record, and the cause came on to be heard upon the bill, exhibits therewith, said plea, the transcript of the record, and upon the general replication to said plea, as well as the replication of *nul tiel* record; and the court, being of opinion that the matters averred in said plea were true, and constituted a defense to the matters

alleged in plaintiff's bill, it was decreed that the said bill be dismissed and that plaintiff should pay to the defendant his costs in said suit by him expended. From this decree the appellant obtained an appeal, and complains that the circuit court erred in rejecting his said amended bill, and in sustaining said plea of former adjudication.

He contends that the circuit court of Harrison County had no jurisdiction to make its decree, dismissing his first bill; that said decree was and is, therefore, a nullity; that the said deed of March 11, 1899, was and is a mortgage, and should be so treated; and that the court erred in rejecting said amended and supplemental bill.

The process commencing the first suit was issued from the office of the clerk of the circuit court of Harrison County, the county wherein the cause of action, if any, arose; but it was directed to the sheriff of, and served on Smith, the defendant in, Jefferson County, where he then resided. Section 2 of chapter 124 of the Code provides: "Process from any court, whether original, *mesne* or final, may be directed to the sheriff of any county, except that process against a defendant (unless a railroad, canal, turnpike, telegraph, or insurance company be defendant) to answer in any action brought under the second section of chapter one hundred and twenty-three of this Code, shall not be directed to any officer of any other county than that wherein the action is brought." The process under consideration does not come within any of the exceptions contained in the section cited. The statute is mandatory where applicable. In *Warren* v. *Saunders* an action of *assumpsit,* 27 Grat. 259, it was held that process, issued in a county, where the cause of action arose, but directed to another, was void. And in *Coda* v. *Thompson,* also an action of *assumpsit,* 39 W. Va. 69, this Court says that "such seems to be law as generally held." 22 Am. & Eng. Enc. Law, (2d Ed.) 190. But we do not pass upon that question in the case before us.

But on the 10th day of April, 1895, at the time and place where depositions were being taken in the first mentioned cause on behalf of the plaintiff, defendant, Smith, by his counsel, John Bassell, Esq., excepted to the taking of any depositions in the cause in advance of appearance by demurrer, plea or answer to the bill by defendant; and also reserved the right to there-

after file a plea to the jurisdiction of the court in said cause.

Appellee, by counsel on that and subsequent days, attended the taking of plaintiff's depositions, and cross-examined the witnesses.

He afterwards filed exceptions to the depositions taken by plaintiff, because, as he alleged, the court had no jurisdiction of the suit, and because no answer had been filed and no issue had been in any way made between plaintiff and defendant in the cause. Appellee also filed his affidavit showing that the writ commencing said suit against him was issued from the office of the clerk of the circuit court of Harrison County, but directed to the sheriff of Jefferson, in which county the defendant then resided, and was there served upon him.

On the 30th day of May, 1895, the court made the following order:

"This day came the defendant, Cruger W. Smith, and moved the Court to quash the writ of summons herein, and abate, or dismiss this cause upon the ground that at the time of the institution of this suit he was a resident of the County of Jefferson, in this State, and still is a resident of that County, and that the writ of summons in this cause was directed to the sheriff of said County, and was served upon the defendant in said County, and in support of said motion filed his affidavit herein, and thereupon the plaintiff in opposition to said motion, together with the notice to take the same and return therein, the caption and certificate thereto attached, offered to read the depositions taken by him in this cause, to the reading of which defendant objected, but the court permitted said depositions, notice, return caption and certificate to be read as affidavits merely; and thereupon the defendant excepted to said depositions, and moved to suppress the same upon the grounds, first, because the court has no jurisdiction in this cause, and second, because the depositions were improperly taken, no answer having been filed by the defendants herein, and no issue having in any way been made up herein, which exceptions to said depositions, and motion to suppress the same, was denied, and the court overruled defendant's motion to quash the writ of summons in this cause and dismiss the suit. Upon the ground that said defendant had personally appeared in pursuance of said notice and had cross examined divers witnesses adduced by the plaintiff."

Afterwards, on the 14th day of September, 1895, the defendant Smith, filed his answer to the plaintiff's bill to which the plaintiff replied generally, whereupon the final decree was made as aforesaid.

Whether the court erred to the prejudice of appellee in refusing to quash the writ and abate said cause, is not now a question before us. Appellee does not complain of that or any other decree or order of the court. Certainly, appellant cannot be heard to complain for him. In *Brightwell* v. *Bare et al,* 52 W. Va. 380, the Court says: "At all events, it is a well established principle that an appellant must show by the record not only that there is error in the judgment of the circuit court, but that he, *himself,* has been thereby injured."

Appellant had invoked the jurisdiction of the court. He had caused the writ to be issued, directed to the sheriff of Jefferson County, where the defendant then resided, and served upon him. He is a lawyer of ability, learning and research, as is shown by his preparation of his case· He should not now be heard to complain because the court took and retained jurisdiction of the suit. Whenever a party seeks the aid of a court of justice to enforce his rights, and submits his case to the decision of the court, and invites it to decide upon them, and makes no objection to the jurisdiction until after the court has heard and adjudicated, he is estopped from subsequently objecting to its decision, and the proceedings taken thereon. Herman on Est. & Res. Ad. section 389; L. R. A. b. 15, 273, note.

We must determine from the record whether or not the decree of September 18, 1896, is void. Works on Courts and their Jurisdiction, pp. 103, 104, says: As a rule, the failure to object to the jurisdiction of the person, at the proper time, where the party appears, is a submission to the jurisdiction of the court, and waives the right to contest such jurisdiction at any subsequent time. Therefore, if a defendant believes that the court has not, for any reason, obtained jurisdiction of his person, he should, if he appears at all, enter his appearance for the special·purpose of objecting to the jurisdiction, and at once enter such objection. But if he is satisfied that the court has not jurisdiction of his person, and that jurisdiction will not be presumed, he need not appear at all; and any judgment ren-

dered against him without jurisdiction, is void, the same as if the court were without jurisdiction of the subject-matter.

"The effect of a general appearance, after having appeared specially and made objection, which has been overruled, is the same as if no objection had been made. By appearing afterward and contesting the case on the merits, a defendant loses his right to contest the ruling of the court below on his objection to the jurisdiction, on appeal. If a party wishes to insist upon the objection that he is not in court, he must keep out for all purposes except to make 'that objection."

In this case, the court had jurisdiction of the subject-matter. Works, on page 36, further says: "As has been shown, jurisdiction of the subject-matter can not be conferred upon a court by the consent of the parties. It is otherwise as to the jurisdiction of the person. If a court has jurisdiction of the subject-matter, a party may voluntarily submit himself to such jurisdiction, or may, by failure to object thereto at the proper time, waive his right to contest such jurisdiction." The defendant did object to the jurisdiction of the court over him for the reason stated in the decree hereinbefore set out; but upon consideration of all the facts, the court declined to abate the suit.

The defendant then, without further objection, filed his answer to the bill, and took and filed the depositions of himself and other witnesses in his own behalf, and upon the whole case as made by both plaintiff and defendant, the cause was decided, and plaintiff's bill was dismissed.

It was the province of the court to pass upon the question of its jurisdiction and, having done so, the decree is not void for any error which the court may have committed. "Where the court has jurisdiction of the parties and the subject-matter in the particular case its judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment, by parties or privies, in any collateral action or proceeding whatever." Black on Judg. section 245. Therefore, the said decree of the circuit court of Harrison County, made and entered on the 18th day of September, 1896, is not void.

Appellant also contends that he is prejudiced by the rejection of his amended and supplemental bill. It is an irreconcilable conflict with the original bills in both causes. Plaintiff alleges in each original bill that he conveyed said property to appellee

in fee simple. If he did so, the title to the oil and gas there-under, passed to appellee by the deed. In *Wilson* v. *Youst et al*, 43 W. Va. 826, it is held that, "petroleum oil as it is found in the cavities of the rock, is part of the realty, and embraced in the comprehensive idea which the law attaches to the word land." The amended and supplemental bill was properly re-jected. Hogg's Equity Procedure, section 171, and cases there cited; also *Hanby* v. *Henritze*, 85 Va. 177.

The contention of appellant that his deed to Smith, of the 11th day of March, 1899, was and is in fact an equitable mort-gage to more fully secure the payment of the said debt, with its accrued interest, at a later period, is unreasonable and un-tenable, and is not sustained by the record.

The appellee is also a lawyer, and is presumed to have known his rights in the premises, as well as the legal consequences of the transaction. It appears that he drafted the deeds and other papers connected with the loan. Having a valid lien on the property, by reason of his deed of trust, which he could enforce at any time after the debt became due by notice and sale, it is not probable that he took the last deed, absolute on its face, with the understanding that it should be in fact a mortgage, requir-ing for its enforcement a suit in equity.

The case at bar is very similar in all respects to *Matheny* v. *Sandford*, 26 W. Va. 386, 401. In that case the Court says: "If it is claimed, that a deed conveying a tract of land in con-sideration of a debt, due from the grantor to the grantee was, though absolute in its form, a mortgage on this tract of land to secure this debt; the circumstances, that this debt was already secured by a deed of trust executed by the grantor to a trustee conveying this identical tract of land to secure this debt and nothing else, is a circumstance so strongly indicating, that the transaction was, what it purported to be, a sale of the land and an absolute conveyance of it and not a mortgage to secure this debt, that it would take very strong parol evidence and strong circumstances to justify a court in regarding it as a mortgage; and in such a case as this the circumstance, that the grantor was hard pressed for money, and the grantee was a known money-lender, or that this debt (the price paid for the land) was considerably less than the value of the tract of land, and that the possession of the land remained with the grantor for

several months after without any rent paid therefor or any even professedly reserved, would be entitled to but little weight to show, that this deed absolute on its face was a mortgage, as against the circumstance, that the parties could not have thought of the transaction as the giving of a lien or mortgage on this tract of land for this debt, as a lien on this land to secure this debt already existed."

The disposition of the case does not necessarily require a decision upon the question last above discussed. It is, however, plain that said conveyance of March 11, 1899, is a deed absolute and not a mortgage.

There is, in substance, very little difference, if any, between the claims set up by appellant against appellee in the first and second suits. In the first bill, the plaintiff prays that the defendant be decreed to pay him twenty-seven hundred dollars, as a just restitution on a part of the value of the property inequitably obtained by Smith from him in excess of the amount due on the debt. In the second suit, plaintiff claims that there is a valuable deposit of oil and gas underlying the New Creek lands, the sale of which, to the defendant, was never intended or contemplated by any of the parties, and he prays in his second bill that the said Smith be required to transfer and convey to him, the oil, gas and other valuable minerals under said tract of land. In the first suit plaintiff demands a part of the value of the property. In the second, he asks a part of the land. *Wilson* v. *Youst, supra.*

In *Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 1, Mr. Justice Harlan, speaker for the Court says: "The general principle announced in numerous cases, is that a right, question or fact distinctly put in issue and directly determined by a Court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is, of course, the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement

is essential to the maintenance of social order, for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgment of such tribunals in respect of all matters properly put in issue and actually determined by them."

In *Rogers* v. *Rogers,* 37 W. Va. 407, the Court thus states the rule: "An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto, and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formerly put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res adjudicata.*" *Corruthers* v. *Sargent,* 20 W. Va. 351; *Tracy* v. *Shumate,* 22 W. Va. 475; *Sayre* v. *Harpold,* 33 W. Va. 553.

Applying the law thus annunciated to the case before us, we conclude that all material matters in controversy therein were adjudicated and determined in the former suit between the same parties, and are, therefore, now *res judicata.*

For the foregoing reasons, there is no error in the decree complained of. It must be affirmed.

*Affirmed.*