Mr. Justice GRIER.
 

 When the counsel prepared their briefs of argument in this case, they could not have seen the report of the case of " the Steamer St. Lawrence,” (1 Black, 525), or they would have considered it labor lost to argue the same question of jurisdiction on the very same facts again at this term. The opinion of the Court in 'that case was unanimous; the question was fully discussed and the opinion delivered by the Chief Justice,. and needs no further remark.
 

 The appellant, in his answer, admits that the repairs were made to his ship by the libellant, but takes issue on the amount and alleges an agreement that the repairs to be made should not exceed a certain sum, less by one-half than the bill finally presented.
 

 But it appeared clearly from the evidence, that although the libellant made an estimate of what would be the probable cost of the repairs, he did not contract to do the work for any given sum. The contract was to supply the timber, and materials at' market prices, and to receive certain wages per diem for each person employed. When the vessel was stripped, it was found necessary to make repairs on a much larger scale than had been at first estimated. The amount of libellant’s bill of course far exceeded his original estimate. The report of the Master found the amount due, but stated no account.’ The exceptions to it were — 1st “That it was for an amount far exceeding any amount of work performed.” 2d. “That the libellant had not proved any work performed for which he was entitled to a decree.” '3d. “ That the libellant was not, under the pleadings, entitled to any decree whatever in his favor.” 4th. “That Commissioner erred in admitting evidence,” &c.
 

 
 *584
 

 '
 
 If the respondent wished to- contest any of the specific charges of the account, he should have had the report referred back to the Master, with direction to state an account. The account returned by the Master should report the items objected to and whether they were allowed, and the testimony or reasons justifying his decision. To suoh a report the party could make specific exceptions, and such general objections as those stated might well be treated as frivolous.
 

 As the record stands this Court cannot know what items of the libellant’s account were allowed or disallowed, or excepted to; we cannot say that other credits should have been allowed, because we do not know whether they were allowed or not.
 

 For anything that appears on the face of this record the judgment of the District and Circuit Courts are correct. The libellant proved his demand for work and materials furnished by the books and accounts kept by his clerks; and the Court may well have considered this better evidence than the .opinions .of experts, taken
 
 ex parte
 
 to'undervalue the work and count the treenails, after the sheeting was replaced and the repairs covered with paint. It is not enough for the appellant merely to raise a doubt on conflicting testimony, that the judgment of the Court below may possibly be erroneous. But in this case he has not suceeded even in raising a doubt;
 

 The judgment of the Court below is assumed to be correct till the contrary is made to appear. It is not sufficient to produce
 
 x
 
 record from' which it-does not appear whether it is right or wrong.
 

 The objection that the libellant should have joined some unknown partner as a party to this libel' has no foundation whatever.
 

 The ' contract is proved to have been made and the work executed by the libellant. There is no evidence that he had a partner in any way interested in the profits of the contract; and if he had, it was not necessary to make -him a party, as appeared by the case of
 
 Law
 
 vs.
 
 Cross,
 
 decided at last term. (See 1 Black, 533.)
 

 . Let the judgment, of the Circuit Corfft be affirmed.