## SIMMONS *v.* JASELLI.

CONTRACTS; EVIDENCE; PARTIES; PARTNERSHIP; PLEADING; APPEAL AND ERROR.

1. In an action on a written contract by E. J., where the defendant objects to the admission in evidence of the instrument produced by the plaintiff, because it is signed by E. J. & Bros., while a duplicate of it delivered to him by the plaintiff was signed I. P. Co. by E. J. & Bros., and claims that the latter paper constitutes the contract between the parties, it is not error for the trial court to permit both papers to be read to the jury.

2. In an action on a contract to furnish labor and materials, in which the issues were as to whether the plaintiff had partners who should have been joined as plaintiffs, and as to the amount and character of the work done and materials furnished under the contract, it was *held*, on a review of the evidence, that the trial court did not err in refusing to direct a verdict for the defendant.

3. In an action on a written contract for labor and materials furnished, where the trial court refused a special instruction asked by the defendant, to the effect that if, at the time of the doing of the work, the plaintiff had a partner who was interested in the work and entitled to share in the proceeds thereof, he could not recover, but in the charge to the jury defined partnership, and told the jury that if there was a partnership between the plaintiff and his alleged partners, and the contract was with the partnership, the plaintiff was not entitled to recover because of the nonjoinder of such parties,— it was *held* that any error in the refusal of the special instruction was cured by the charge.

4. Where a written contract, not under seal, for labor and materials furnished, was made with the plaintiff alone, and all of the communications concerning the work by the defendant were with the plaintiff and all payments under the contract made to him, he is entitled to sue in his own name, even though he agreed to share with others the profits arising from the contract.

5. In an action of assumpsit on a written contract, evidence by the defendant that, under a provision of the contract stipulating therefor, he is entitled to liquidated damages for delay in performing the contract, is inadmissible under a plea of the general issue; such a claim must be specially pleaded by way of set-off.

6. Where a contract to furnish work and materials on a building provided that the contract price should be paid when the work was completed to the satisfaction of the owner, and then specified how the work should be done and as to the kind of materials to be furnished, it is not error, in an action on the contract for the balance of the contract price, for the trial court to refuse an instruction asked by the defendant, to the effect that, while the agreement would not permit an arbitrary or unreasonable rejection of the work if done in substantial compliance with the contract in a first-class manner, yet if the evidence showed that the work was not a first-class job, so that the defendant had a right to be dissatisfied therewith, the plaintiff was not entitled to recover. In such a case, a charge by the court that if the work was done as agreed on properly, he is entitled to recover the amount unpaid, while if the work was done defectively, he can recover only what it was worth, and that if he has been paid all that it was properly worth, the verdict should be for the defendant, gives the defendant all that he has a right to ask.

7. Where in an action to recover the balance of the purchase price specified in a contract for work and labor, the evidence was conflicting as to the character of the work done, and the jury returned a verdict for the plaintiff for the full balance of the contract price as claimed, it was *held* on an appeal by the defendant from a judgment on the

verdict, that even if the court erred in charging the jury that the plaintiff might recover the fair value of the work done in the event it did not come up to the requirements of the contract, and was yet worth something in excess of the payments received—because there was no evidence justifying a recovery of the *quantum meruit*—such error, in view of the testimony, was not prejudicial to the defendant.

No. 2331.    Submitted January 4, 1912.    Decided February 5, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for breach of a contract for work and materials furnished.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellee, Emilio Jaselli, Trading as Jaselli & Brothers, plaintiff below, filed a declaration in assumpsit, against Leo Simmons, containing three counts: 1. For work done and materials furnished between July 30, and October 30, 1909, claiming $300. 2. For work done and materials furnished in plastering interior walls, claiming a balance of $223. 3. A common count claiming $523. Defendant pleaded nonassumpsit to each count. Plaintiff testified on his own behalf, to the character and amount of the work done, etc., and after allowing credit for all payments, claimed $523 as due, under the following contract, which he produced and offered in evidence:

This contract made this the 30th day of July, 1909, by and between Leo Simmons of the first part, hereinafter known as the owner, and E. Jaselli and Brothers, hereinafter known as the contractors;

Witnesseth, that the said parties have agreed together as follows, that is to say, that the said Jaselli & Brothers have agreed to provide all the necessary materials and do the plastering work on a certain building on Mintwood place, between 18th and 19th streets in Washington Heights, for the sum of one thousand nine hundred dollars ($1,900) to be paid the said Jaselli &

Brothers, when the work is completed satisfactory to the said Leo Simmons or such other person as may be designated by him to inspect and pass upon same; said work to be done in what is known as laid on two coat work; finished with a hard smooth white finish.

The materials to be furnished for plastering shall be as follows: The mortar for such plastering shall be composed of clear, sharp down river sand, wood burnt screened lime, mixed in such quantities as to make first-class job of work; the laths shall be No. 1 Spruce, well dried; the white coating shall be of screened lime and plaster of paris; all the public halls, parlor, reception hall, and dining room in front apartments, first floor, and all living rooms in other apartments, to have cove ceiling and plaster molding like hall in Kalorama; all the bathrooms and public halls to be finished in what is known as "sand finish." All the work throughout the entire job is to be plumb, straight, and well troweled, all pilasters to be made parallel and equal in dimension. The roughing on coat shall be well supplied with long hair; the lime and hair to be furnished by Knott & Moler.

It is further agreed that the owners shall furnish the lath for said work, and deduct the price of same at the rate of $4.50 per thousand from said sum of $1,900. The sand, lime, and plaster, hair and lathing nails shall likewise be furnished by the owner at the regular market price, and likewise deducted from said contract price of $1,900.

Work to be begun at once and completed within thirty working days.

It is further agreed that if the work is not completed in said time, the said Jaselli Brothers shall forfeit to the owner the sum of $10 per day, for each day, including Sundays, the work shall remain unfinished.

E. Jaselli & Bros.<br>Leo Simmons.

As a basis for an objection to said paper, defendant cross-examined plaintiff. He exhibited a duplicate of the said con-

tract, save that the signature thereto, written by plaintiff, was "Italian Plastering Co., by E. Jaselli & Bros." Defendant signed his name to the first paper and delivered it to plaintiff, who signed afterwards as shown, but not in the presence of defendant. Plaintiff signed the second, as described, and delivered it to defendant, who signed his name, but not in plaintiff's presence. Defendant then objected to the first paper, on the ground that the second paper signed and delivered to the defendant constituted the contract between the parties. The court overruled the objection and permitted both papers to be read to the jury. Defendant excepted. Plaintiff's testimony then tended to show that he did business in the name of Jaselli & Bros., and of Italian Plastering Co. That he had no partners. That he had agents for doing work contracted for,—the two Lazupones, Maraffo, and several others. They undertook to do work contracted for by him for wages. They did not share in profits. Wage was not fixed, but was to be graded according to profits. When job was finished, they got something if there was no profit. They were supposed to get from $3 to $5 per day, out of payments made on contracts. On June 24, 1909, plaintiff made a bid for the work—inside $1,850; outside at $300, signed Italian Plastering Co., by E. Jaselli & Bros. This was not accepted. Told defendant he was the I. P. Co. Defendant wanted to contract with him only, and he agreed. Defendant drew the contract in plaintiff's name. The work was done according to contract, and was a good job. Defendant made some complaints, and at his request plaintiff went over the job again in parts objected to. Some repairs were made where carpenters knocked plastering off in putting in doors and trimmings. Certain statements were shown plaintiff, on cross-examination. These were statements provided for his counsel in two suits by Lazupones for wages. Were made to show a statement of all money realized on this and former contracts, money due and debts. The statement showing Lazupone "member of Co." was to indicate that he was one of the bunch employed to do the work, and not that he was a partner. Plaintiff had finished the work before October 5, the date of a letter from defendant demanding

that he finish the job, or else he would exact the forfeit per day stipulated in the contract. Received one payment of defendant on October 9. The solid plaster was finished towards last of September. One tenant, moved in before the front door was put in. No complaint was made until after the painter had painted the walls. A witness for plaintiff testified that the building was not ready for plaster when he went to put up the lathes. Had to wait three weeks before it was ready to begin. Other testimony tended to show that the work had been done according to contract and was a fairly good job of the kind. Defendant moved the court to direct a verdict upon the conclusion of plaintiff's evidence. This having been denied, he introduced evidence on his own behalf. He testified that he prepared the contracts. Plaintiff, when ready to sign, told him the company was composed of the Lazupones, Maraffo, and himself; that Jaselli Brothers conducted a wine business, and had nothing to do with the I. P. Co. save that he was a member of that firm. Did not think it material that the I. P. Co. be named in the body of the contract. That the work was not done according to contract, was rough also and a bad job; ceilings had cracked, and plaster fallen in one room. Had time and again objected to the manner in which work was done. Work was not finished until about December 1. When plaintiff offered to do the work over again, it was too late; had had the painting done, and tenants were moving in. Had sustained great loss by failure of plaintiff. The first check for work, given September 4 for $600, was to order of E. Jaselli Bros. (for Italian Plastering Co.) was indorsed on back E. Jaselli Bros. Remaining four checks—the last dated October 9—were to order of E. Jaselli, because knowing him to be a member of the firm, defendant did not take the time to write out the full firm name. Defendant had paid $597 for paint and materials, more than it would have cost had the work been done properly. Lazupone testified that the Italian Plastering Company was composed of plaintiff, Maraffo, Luizi, and Stephano Lazupone. They were to divide profits. Plaintiff was to sign contracts and to keep an account. Witness was to get $1 a day extra. A

witness testified that the work was ready for the plasterer on August 1st.   Several other witnesses testified that the work was badly done.   In rebuttal, plaintiff contradicted the evidence of defendant.   Defendant moved for a verdict, which was denied, and then asked several instructions, which were refused.   The jury returned a verdict for plaintiff for the full amount claimed; and judgment was entered thereon.

*Mr. A. A. Birney* for the appellant.

*Mr. H. Winship Wheatley* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The objection to the introduction in evidence of plaintiff's copy of the contract is technical, and the court did not err in permitting both copies to go to the jury.   The recitals in the body of the contracts show that they were made with E. Jaselli & Brothers, and both should formally [have] been signed by E. Jaselli & Brothers.   Whether the contract was made with E. Jaselli & Brothers, and whether E. Jaselli alone was the party, or whether he had partners, were questions for the jury to determine.

2. There was sufficient evidence to go to the jury on the issues of contract, partnership, and to the amount and character of the work done under the contract, and there was no error in refusing to direct a verdict for the defendant.

3. The special instruction to the effect that if, at the time of doing the work, the plaintiff had a partner or partners who were interested in said work and entitled to share in the profits thereof, he could not recover in this action, was refused and error is assigned thereon.   Passing by the question whether the instruction was strictly applicable to the question of the contract, any error in its refusal was cured by the general charge.   In that, the court stated the law defining partnership, and then told the jury that if there was a partnership between plaintiff and

his alleged partners, and the contract was with said partnership, the plaintiff was not entitled to a verdict, because of the non-joinder of said parties.

4. The court went farther than stated above, and in conclusion told the jury that if there was a partnership in fact, and they should find that the contract was made with the plaintiff alone, or in his own name, then if the work had been done according to the contract, and properly done, they should find for the plaintiff. This was excepted to specially. The contract was not executed under seal, and there was evidence tending to show that it was made with plaintiff alone, and that all communications respecting the same were with him, and all payments made to him. These facts, if true, entitled plaintiff to sue in his own name. If he had agreed to make the other alleged members of the association sharers in the profits arising from the contract, they did not thereby become parties to the contract and necessary parties plaintiff. *Law* v. *Cross,* 1 Black, 533–537, 17 L. ed. 185–187; *The Potomac (Simpson* v. *Baker)* 2 Black, 581–584, 17 L. ed. 263, 264. There was no error in the charge.

5. Error is assigned on the refusal of the following special instruction prayed by defendant:

"The written contract for the work in question in this cause is dated July 30, 1909, and provides that the work should be begun at once and completed within thirty (30) working days, and further that if the work should not be completed within that time, the contractors should forfeit to the owner the sum of ($10) ten dollars per day for each day including Sundays, that the work should remain unfinished. The jury are therefore instructed that if they shall find from the evidence that the work was not completed on or before September 3, 1909, they should allow to the defendant from the contract price, $10 per day for each day, Sundays included, after September 3d, that the work remained unfinished."

It is contended by the appellee that the language of the contract, providing for a forfeiture upon failure to complete the contract within the time fixed, cannot be regarded as an agreement

or settlement of liquidated damages; that the term "forfeiture" imports a penalty.    In support of this contention are cited *Van Buren* v. *Digges,* 11 How. 461–467, 13 L. ed. 771–774, and other cases reviewed in *Sun Printing & Pub. Asso.* v. *Moore,* 183 U. S. 646–663 et seq. 46 L. ed. 366–378, 22 Sup. Ct. Rep. 240.

It is not necessary to decide this question.    The only plea of defendant was nonassumpsit.    While a wide range of defense is permissible under the general plea, apparently including payment, release, etc., it has never been extended to matters of set-off.    The claim that defendant is entitled to liquidated damages under a provision of the contract stipulating therefor in case of delay, is an independent matter of defense recoverable by way of set-off, and, to be entertained, must have been pleaded. Code, sec. 1563; *Langston* v. *Maitland,* 11 Gill & J. 286–297; 1 Poe, Pl. & Pr. sec. 609.    There was no error in refusing the instruction.

6. Error is assigned on the Court's refusal to give the defendant's third special instruction, to the effect that the agreement provided that the price was to be paid when work was completed to the satisfaction of defendant; that while this would not permit an arbitrary or unreasonable rejection of the work if done in substantial compliance with the contract, and in a first-class manner, yet if the evidence showed that the work was not a first-class job, so that defendant had a right to be dissatisfied therewith, plaintiff is not entitled to recover.

The court in the general charge told the jury that if the work had been done, as agreed on, properly, the plaintiff would be entitled to recover the amount found to be unpaid.    If the work was defectively done, plaintiff could recover only what it was worth, and that if he had been paid all that it was fairly worth, the verdict should be for the defendant.    This, we think, gave defendant all that he had a right to ask.

7. A special exception was taken to that part of the court's charge hereinabové stated, permitting the plaintiff to recover the fair value of the work done, in the event that it did not come up to the requirements of the contract, and was yet worth some-

thing in excess of the payments received, because there was no evidence of value, save the price stipulated in the contract. Assuming that there was no evidence justifying a right to recover on a *quantum meruit*, only, and that the instruction should have been given; yet it is plain that no injury resulted to defendant from its refusal. There was a conflict in the evidence relating to the character of the work done, and the jury decided that issue in favor of the plaintiff by returning a verdict for the full contract price. They were, therefore, not called upon to consider, and never reached the issue of *quantum meruit*.

Finding no reversible error in the proceedings, the judgment will be affirmed, with costs.                         *Affirmed.*